# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2785-RM-NYW

STEVEN LEE BRANDT,
JAMES CLAY WALTERS,

    Plaintiffs,

v.

VON HONNECKE,
CHASE HONNECKE, and
S & H HEATING, A/C, SHEETMETAL CO.,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Brandt and Walters ("Plaintiffs"), by and through its undersigned attorney, and Defendants Von and Chase Honnecke and S & H Heating, A/C, Sheetmetal Co., ("Defendants"), by and through its undersigned attorney, hereby agree that all discovery and other materials exchanged by Plaintiffs and Defendants (collectively referred to as the "Parties") or filed with the Court in the above-captioned action shall be provided subject to the following conditions:

    1.    The Parties, or any non-party, after review by counsel for the party making the designation, who shall make a good faith determination that the information contained in the documents is in fact confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7), may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" all or any part of any discovery and other materials exchanged by the Parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information, or any other document or thing containing other information of such a nature as to be protectable under Fed. R. Civ. P. 26(c)(7). Except as set forth in paragraph 7, such designations shall be made by stamping the document "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated discovery and other materials are referred to herein as "Confidential Material." Notwithstanding such designation, Confidential

Material does not include information or material: (a) obtained independent of any party to this litigation as to which no obligation of confidentiality applies; (b) that is in the public domain or accessible to the public or trade at the time exchanged or filed; (c) that enters the public domain or becomes accessible to the public or trade through no fault of the recipient after the time of exchange or filing; (d) that is disclosed or made available to the recipient by a third party without restriction and without there having been a breach of an obligation of confidence owed by the third party to Plaintiffs or to Defendants; (e) that is known to by the recipient at the time of exchange or filing, as shown by documentary evidence that the recipient may provide to person claiming confidentiality at any time within five (5) business days from the date of exchange or filing; (f) that is independently developed by the recipient without reference to the exchanged or filed information or material; (g) that is or was disclosed by the party designating it CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to any third person, if this is or was not done under the terms of a confidentiality or non-disclosure agreement containing terms and conditions the same as or very similar to the terms and conditions of this Order; and (h) that is disclosed by the recipient as required by judicial action.

2.    The CONFIDENTIAL - ATTORNEYS' EYES ONLY designation shall be limited to Confidential Material which contains or comprises sensitive financial, product, marketing, customer or commercial information (which, if known to the other party, even subject to the non-disclosure provisions of this Order, would cause the disclosing party harm), and research and development information directed to future products.

3.    Confidential Material shall be revealed only to Qualified Persons (defined in paragraph 4 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action.

4.    Confidential Material may be disclosed only to the following Qualified Persons:
    a.    For Confidential Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY:
        i.    Counsel of record in the above-captioned case and staff employed by such counsel (collectively "Outside Counsel");
        ii.    Subject to Paragraphs 5 and 6 below, expert and third party technical service contractors who are not present employees of either party, or of any predecessor, parent or related company of either party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services in connection with this litigation;
        iii.    Third party contractors involved solely in providing litigation support services to Outside Counsel;

     iv. The Court and its personnel and the jury;
     v. An officer before whom a deposition is taken, including any stenographic and/or court reporter; and
     vi. Any other person agreed to by the Parties or allowed by the Court.
  b. For Confidential Material designated CONFIDENTIAL: in addition to the Qualified Persons listed above in paragraph 4.a., officers, directors, and employees of the Parties who have a need to review the Confidential Information for the purposes of the above-captioned case.

  5. Before any disclosure of Confidential Material of the producing party is made to an individual pursuant to Paragraphs 4(A)(ii), (iii), and (vi), Outside Counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain the individual's written agreement, in the form of Attachment A, to comply with and be bound by its terms. Copies of all written commitments in the form of Attachment A shall be provided to the producing party upon request.

  6. No Confidential Material shall be shown to an expert or third party technical service contractor pursuant to paragraph 4(A)(ii) until one business day after the receiving party identifies in writing the individual to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae unless the Parties agree otherwise in a writing signed by the Parties. If the producing party, within one business day of its receipt of written notice and an executed Attachment A, states a good faith basis for objecting to such individual having access to any Confidential Material, such as a conflict of interest with respect to the nature of work in the same field of competition, the individual shall be barred from such access for a ten (10) business day period commencing with the receipt by the producing party of a copy of the executed Attachment A. If within that ten (10) business day period (i) the Parties are unable to resolve their differences and (ii) the opposing party moves for a further protective order, then the Confidential Material shall not be provided to the individual except by further order of the Court.

  7. Confidential Material may be disclosed to a witness at a deposition (a) if the witness is an officer, director, or employee of the party who produced such Confidential Material or (b) if the witness was formerly an officer, director, or employee of the party who produced such Confidential Material, and the Confidential Material existed during the period of his or her service of employment.

  8. Parties may attend any and all Depositions. If a party believes that portions of a deposition shall be considered CONFIDENTIAL - ATTORNEYS' EYES ONLY they shall notify opposing counsel of that position.  Counsel for the party making the designation shall make a good faith determination that the information contained in the documents is in fact confidential or otherwise entitled to protection under F.R.C.P.

26(c)(7). If the parties cannot agree on the designation, they shall seek immediate court intervention to resolve the issue prior to the deposition. Portions of the deposition or exhibits which are considered Confidential shall be so noted at the time at the deposition. In the event of designations of different categories for the same text by different Parties, the Parties will confer to reach agreement on the appropriate category, as set forth in paragraph 2 hereof. Until the issue is resolved, the designated material shall be treated as the highest category of protected material designated by anyone. Persons to whom Confidential Material may be disclosed under paragraph 4(b) may attend any deposition, except during testimony which the parties agree is CONFIDENTIAL - ATTORNEYS' EYES ONLY under Paragraph 2.

9. Nothing in this Order shall bar or otherwise restrict any Outside Counsel from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material; provided, however, that in rendering such advice, and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Material to any person not entitled to have access to it.

10. Inadvertent disclosure of Confidential Material, without identifying the same as Confidential Material, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of Outside Counsel for the receiving party promptly and prior to further dissemination to anyone on behalf of the receiving party.

11. The parties may seek leave to file Confidential Material under Restric_t_ed  Access in a manner consistent with D.C.COLO.LCivR 7.2. <u>Nothing in this Order may be construed as requiring restriction for any document or information.</u>

12. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY in accordance with this Protective Order.

In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.

13. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Stipulated Protective Order with respect to any Confidential Material provided to the Parties by the non-party by so advising all Parties to this suit in writing.

14. Within thirty (30) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Confidential Material received hereunder. All copies of Confidential Material received by others hereunder shall also be destroyed. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Confidential Material of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court.

15. Prompt written notice shall be given to any party who produced Confidential Material hereunder, in the event that the Party's Confidential Material is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process. Any person seeking such Confidential Material who takes action to enforce such subpoena or other legal process shall be apprised of this Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring the production of Confidential Material covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

16. In the event that Confidential Material designated by the producing party in accordance with Paragraph I above, is disclosed by the receiving party to any person other than the Qualified Persons defined in Paragraph 4 above, or is disclosed in any manner or for any purpose inconsistent with the terms of this Order, the party responsible for the disclosure, within five (5) days of Outside Counsel's awareness of such disclosure, must bring all pertinent facts relating to such disclosure to the attention of Outside Counsel for the producing party and without prejudice to the rights and remedies of the producing party, make every reasonable effort to prevent further disclosure of it and prevent further disclosure by each person who was the eventual recipient of the Confidential Material.

17. The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

18. Nothing in this Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than

confidentiality.

19.     Nothing in this protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

DATED: April 22, 2016                                    BY THE COURT:

                                                                                   s/ Nina Y. Wang
                                                                                   Nina Y. Wang
                                                                                   United States Magistrate Judge


SUBMITTED BY:

    *s/ Brian D. Smith*                                          *s/ Scott L. Terrell*
Brian D. Smith, Esq.                                      Scott L. Terrell, Esq.
Brian D. Smith, P.C.                                      SCOTT L. TERRELL, P.C.
4100 E. Mississippi Ave., Suite 1600         14143 Denver West Parkway, Ste. 100
Denver, CO 80246                                       Golden, CO 80402
Telephone: 303/523-0900                           (303) 279-0705
Facsimile: 303/592-6666                             *scott@denverpatentlaw.com*
*bsmith@coloradopatents.com*

*Attorney for Plaintiffs*                                   *Attorney for Defendant*s

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-2785-RM-NYW

STEVEN LEE BRANDT,
JAMES CLAY WALTERS,

     Plaintiffs,

v.

VON HONNECKE,
CHASE HONNECKE, and
S & H HEATING, A/C, SHEETMETAL CO.,

     Defendants.

---

**ATTACHMENT A TO STIPULATED PROTECTIVE ORDER**

---

     In consideration of the disclosure to me of certain information, which is subject to a Protective Order of this Court, I agree as follows:

     1.    I have read the Stipulated Protective Order in the above-captioned case and I agree to be bound by its terms.

     2.    I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court.

     3.    I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Dated: _____

Name: _____

Signature: _____

Address: _____