IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC., a Colorado corporation,

      Plaintiffs/Counterclaim Defendants,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S&H SHEET METAL, INC., a Colorado corporation,

      Defendants/Counterclaimants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants Von Honnecke, Chase Honnecke, and S&H Sheet Metal, Inc.'s (collectively, "Defendants") Motion for Two-Day Extension of Time (the "Motion"), filed December 4, 2017 [#129], which is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Referring Case dated March 28, 2016 [#21], and the memorandum dated December 11, 2017 [#132]. This court has reviewed the Motion and related briefing, the entire case file, and the applicable law. For the reasons stated herein, I **GRANT** the Motion.

## BACKGROUND

This court has discussed the background of this matter in its prior Recommendation, *see* [#66], and does so here only as it pertains to the instant Motion. This patent infringement case was initially filed by *pro se* Plaintiffs Steven Lee Brandt ("Mr. Brandt") and James Clay Walters ("Mr. Walters") (collectively, "Individual Plaintiffs") against Defendants. [#1]. In that original

Complaint, the Individual Plaintiffs alleged that they were the inventors of United States Patent No. 8,999,029 (the "'029 Patent" or "Asserted Patent") and owned "all rights, title, and interests in the Asserted Patent." [*Id.* at ¶ 9]. The '029 Patent entitled "Furnace Filter Box and Method of Assembly" was filed on November 2, 2012, and was issued on April 7, 2015 [#42-1 at 2]. The Asserted Patent has twenty claims, including both device and method claims, and at a high level, is directed at a furnace filter box that is adapted for receiving a furnace filter for filtering intake air that can be quickly assembled and cut to size while maintaining the strength of the box and is easily shipped. [#42-1]. In that original Complaint, the Individual Plaintiffs alleged that S&H "has been and is now directly and indirectly infringing one or more claims of the '029 Patent by (1) making, having made, manufactured, distributed, using offering to sell, or selling the patent inventions, (2) by actively inducing others to purchase, distribute, use, offer to sell, or sell the patented inventions, and, or (3) by contributing to the manufacture, distribution, use, sale, and, or offer for sale the patented inventions in the State of Colorado, this Judicial District, and the United States of America." [#1 at ¶ 35].

In response to the Honorable Gordon G. Gallagher's Order to Show Cause on January 12, 2016, the Individual Plaintiffs filed an "Amendment to Claim" and a proposed Amended Complaint. [#8, #8-1]. Judge Gallagher directed the Clerk of the Court to docket the Amended Complaint on February 29, 2016. [#10, #11]. Defendants then filed a "First Amended Answer and Counterclaim" on March 10, 2016. [#17]. On March 30, 2016, Brian D. Smith entered his appearance on behalf of the Individual Plaintiffs. [#25]. This court held a Scheduling Conference on April 4, 2016, at which all Parties were represented and participated in submitting the proposed Scheduling Order. [#27, #28, #29].

On April 21, 2016, the Individual Plaintiffs filed a renewed Motion to Amend the Amended Complaint, indicating that they wished to join one party to the action and to "clean up" the First Amended Complaint that was filed *pro se*. [#35]. Defendants did not oppose the filing of a Second Amended Complaint, and said complaint was docketed on May 4, 2016. [#42].

The Second Amended Complaint added Colorado Box Company, Inc. ("Colorado Box") as a plaintiff, based on the Individual Plaintiffs' assignment of their right, title, and interest in the '029 Patent to Colorado Box on March 28, 2016. [#42 at ¶ 3]. S&H was also identified as S&H Sheet Metal, Inc., rather than S&H Heating, A/C, Sheetmetal Co. *Compare* [*id.* at 1, ¶ 9] *with* [#11]. The Second Amended Complaint asserted three causes of action as to the '029 Patent: (1) direct infringement by Defendants in violation of 35 U.S.C. § 271(a); (2) induced infringement by Defendants in violation of 35 U.S.C. § 271(b); and (3) contributory infringement by Defendants in violation of 35 U.S.C. § 271(c). [#42]. As relief, Plaintiffs sought damages, prejudgment interest, enhanced damages based on willful infringement, injunctive relief, and attorney's fees and costs. [*Id.* at 14–16]. Plaintiffs also demanded a jury trial. [*Id.* at 15]. Defendants filed a "Second Amended Answer and Counterclaim" on May 17, 2016 [#46]. The undersigned subsequently issued a Recommendation to deny Plaintiffs' request to file a Third Amended Complaint, which the presiding judge, the Honorable Raymond P. Moore, adopted in full. *See* [#66, #70]. Therefore, the Second Amended Complaint is the operative one.

The Parties proceeded through discovery pursuant to a Scheduling Order [#29] that was subsequently amended to account for the appearance of counsel on behalf of Plaintiffs [#54] and to allow for an extension of time for the designation of expert witnesses [#109]. Pursuant to this court's April 28, 2017 Order, any motions directed at excluding expert testimony pursuant to Rule 702 of the Federal Rules of Evidence were due no later than November 28, 2017. [#109].

Defendants filed their Motion to Exclude Testimony of Mark Pedigo ("Motion to Exclude") on November 30, 2017. [#127]. On December 4, 2017, Defendants filed the instant Motion, requesting a two-day extension of time, *nunc pro tunc*, to file their Motion to Exclude [#127]. [#129]. Defendants moved for an extension under Local Rule 6.1(a),[1] following Plaintiffs' demand that they withdraw their untimely Motion to Exclude, arguing that the "*Markman* Order has not yet been entered, and the matter has not been set for trial"; thus, no party will be prejudiced by the extension. *See* [*id.* at 2].

In response, Plaintiffs argue that the instant Motion is governed by Rule 16(b)(4), not Local Rule 6.1(a), because Defendants seek to modify the Scheduling Order, which requires a showing of good cause. *See* [#131 at 2]. According to Plaintiffs, Defendants fail to demonstrate good cause but, rather, "the Motion underscores that the basis for amending the Scheduling Order is based on carelessness." [*Id.* at 3]. Plaintiffs continue that granting Defendants' Motion would "reward, and not deter, untimely submissions from Defendants[,]" which Plaintiffs suggest has been a common theme by Defendants. [*Id.* at 3–4].

In Reply, Defendants reassert their position that the Motion is one properly submitted pursuant to Local Rule 6.1(a), and argue that "total inflexibility" in allowing amendment of the Scheduling Order is "undesirable." [#133 at 2]. Further, Defendants contend that refusing their request for a two-day extension, *nunc pro tunc*, would allow Plaintiffs to proffer expert testimony from Mr. Pedigo that is "clearly irrelevant, baseless, and inadmissible"—a violation of the court's gatekeeping duties under Rule 702 of the Federal Rules of Evidence. [*Id.* at 3–4]. This court considers the Parties' arguments below.

---

[1] *See* D.C.COLO.LCivR 6.1(a) (allowing parties to "stipulate in writing to one extension of not more than 21 days beyond the time limits prescribed by the Federal Rules of Civil Procedure to respond to a pleading or amended pleading, interrogatories, requests for production of documents, or requests for admissions.").

**LEGAL STANDARD**

While Plaintiffs argue that Defendants fail to satisfy Rule 16(b)(4)'s good cause requirement to modify the Scheduling Order, Rule 6(b)(1)(B) governs when a party seeks an extension of time upon a motion made after the expiration of the deadline.[2] Fed. R. Civ. P. 6(b)(1)(B). This rule provides that the court may extend an expired deadline if the moving party has failed to act because of excusable neglect. *Id.* In interpreting "excusable neglect," the United States Supreme Court observed that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. The *Pioneer* Court identified four factors for the court to consider: (1) prejudice to the nonmoving party; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 398–99; *accord Hamilton v. Water Whole Int'l. Corp.*, 302 F. App'x. 789, 798 (10th Cir. 2008) (noting the court may consider the existence of good faith on the part of the

---

[2] The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has previously observed that the excusable neglect standard under Rule 6 and the good cause standard under Rule 16 are "essentially the same standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 n.2 (10th Cir. 2015). This court finds the application of Rule 6 more appropriate in this instance where the deadline clearly expired with no immediate action by the moving party.

moving party, with the reason for the delay being a crucial factor) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004))).

## ANALYSIS

In applying the *Pioneer* factors, I find that granting the instant Motion is warranted under the circumstances. In so concluding, this court is mindful of Plaintiffs' arguments regarding the importance of the Scheduling Order and deadlines in pretrial proceedings, *see Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) ("[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."), but concludes nonetheless that the factors weigh in favor of Defendants in this instance.

First, the factors of prejudice and the length of delay weigh in favor of Defendants. Defendants filed the Motion to Exclude two days after the Rule 702 motion deadline. While this court recognizes the frustration on the part of Plaintiffs, the two-day delay in filing the Motion to Exclude will not impact judicial proceedings, as the *Markman* Order has yet to be entered and this matter is not yet set for trial.[3] Next, with respect to the third *Pioneer* factor, it is clear that the delay was in the control of Defendants. Therefore, this factor weighs in favor of Plaintiffs. However, with respect to the last factor, it does not appear Defendants acted willfully or in bad faith in missing the deadline at issue. Instead, it appears that the delay arose from an administrative error. In defining excusable neglect, the *Pioneer* court concluded that such neglect was not limited to actions out of the control of a party or its counsel. *Pioneer Inv. Servs.*

---

[3] This court is also mindful that the current deadline to file dispositive motions is December 29, 2017. *See* [#109]. Currently, neither Party has moved to extend that deadline. Should the Parties desire any extension they may do so through a formal motion, and are reminded of Judge Moore's Civil Practice Standards limiting the Parties to "filing a single motion for summary judgment[.]" RM Civ. Practice Standards § IV.M.3.a.

*Co.*, 507 U.S. at 392. And while this court is troubled by the dismissive approach taken by Defendants' counsel in moving for an extension of time, I conclude that substantive adjudication of the Motion to Exclude, despite its untimeliness, is more appropriate given the court's gatekeeping responsibilities to ensure that expert testimony proffered at trial is reliable and relevant so as to avoid misleading or confusing the jury on material issues.[4]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)  Defendants' Motion for Two-Day Extension of Time [#129] is **GRANTED**; and

(2)  Plaintiffs shall **FILE** a Response to the Motion to Exclude Testimony of Mark Pedigo no later than **January 8, 2018**.

DATED: December 21, 2017                                BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

---

[4] In so ruling, this court in no way passes on the substantive arguments regarding the merits of the Motion to Exclude offered by Defendants in their Reply.