IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC., a Colorado corporation,

    Plaintiffs/Counterclaim Defendants,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S&H SHEET METAL, INC., a Colorado corporation,

    Defendants/Counterclaimants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendants Von Honnecke, Chase Honnecke, and S&H Sheet Metal, Inc.'s (collectively, "Defendants") Motion for Protective Order Re: Second Deposition of Von Honnecke (the "Motion"), filed October 25, 2017 [#120], which is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Referring Case dated March 28, 2016 [#21], and the memorandum dated October 26, 2017 [#121]. This court has reviewed the Motion and related briefing, the entire case file, and the applicable law, and has concluded that oral argument will not materially assist in the resolution of this matter. For the reasons stated herein, this court **DENIES** the Motion.

## BACKGROUND

This court has discussed the background of this matter in its prior Recommendation, *see* [#66], and does so here only as it pertains to the instant Motion. This patent infringement case was initially filed by *pro se* Plaintiffs Steven Lee Brandt ("Mr. Brandt") and James Clay Walters

("Mr. Walters") (collectively, "Individual Plaintiffs") against Defendants. [#1]. In that original Complaint, the Individual Plaintiffs alleged that they were the inventors of United States Patent No. 8,999,029 (the "'029 Patent" or "Asserted Patent") and owned "all rights, title, and interests in the Asserted Patent." [*Id.* at ¶ 9]. The '029 Patent entitled "Furnace Filter Box and Method of Assembly" was filed on November 2, 2012, and was issued on April 7, 2015 [#42-1 at 2]. The Asserted Patent has twenty claims, including both device and method claims, and at a high level, is directed at a furnace filter box that is adapted for receiving a furnace filter for filtering intake air that can be quickly assembled and cut to size while maintaining the strength of the box and is easily shipped. [#42-1]. In that original Complaint, the Individual Plaintiffs alleged that S&H "has been and is now directly and indirectly infringing one or more claims of the '029 Patent by (1) making, having made, manufactured, distributed, using offering to sell, or selling the patent inventions, (2) by actively inducing others to purchase, distribute, use, offer to sell, or sell the patented inventions, and, or (3) by contributing to the manufacture, distribution, use, sale, and, or offer for sale the patented inventions in the State of Colorado, this Judicial District, and the United States of America." [#1 at ¶ 35].

In response to the Honorable Gordon G. Gallagher's Order to Show Cause on January 12, 2016, the Individual Plaintiffs filed an "Amendment to Claim" and a proposed Amended Complaint. [#8, #8-1]. Judge Gallagher directed the Clerk of the Court to docket the Amended Complaint on February 29, 2016. [#10, #11]. Defendants then filed a "First Amended Answer and Counterclaim" on March 10, 2016. [#17]. On March 30, 2016, Brian D. Smith entered his appearance on behalf of the Individual Plaintiffs. [#25]. This court held a Scheduling Conference on April 4, 2016, at which all Parties were represented and participated in submitting the proposed Scheduling Order. [#27, #28, #29].

On April 21, 2016, the Individual Plaintiffs filed a renewed Motion to Amend the Amended Complaint, indicating that they wished to join one party to the action and to "clean up" the First Amended Complaint that was filed *pro se*. [#35]. Defendants did not oppose the filing of a Second Amended Complaint, and said complaint was docketed on May 4, 2016. [#42].

The Second Amended Complaint added Colorado Box Company, Inc. ("Colorado Box") as a plaintiff, based on the Individual Plaintiffs' assignment of their right, title, and interest in the '029 Patent to Colorado Box on March 28, 2016. [#42 at ¶ 3]. S&H was also identified as S&H Sheet Metal, Inc., rather than S&H Heating, A/C, Sheetmetal Co. *Compare* [*id.* at 1, ¶ 9] *with* [#11]. The Second Amended Complaint asserted three causes of action as to the '029 Patent: (1) direct infringement by Defendants in violation of 35 U.S.C. § 271(a); (2) induced infringement by Defendants in violation of 35 U.S.C. § 271(b); and (3) contributory infringement by Defendants in violation of 35 U.S.C. § 271(c). [#42]. As relief, Plaintiffs sought damages, prejudgment interest, enhanced damages based on willful infringement, injunctive relief, and attorney's fees and costs. [*Id.* at 14–16]. Plaintiffs also demanded a jury trial. [*Id.* at 15]. Defendants filed a "Second Amended Answer and Counterclaim" on May 17, 2016 [#46]. The undersigned subsequently issued a Recommendation to deny Plaintiffs' request to file a Third Amended Complaint, which the presiding judge, the Honorable Raymond P. Moore, adopted in full. *See* [#66, #70]. Therefore, the Second Amended Complaint is the operative one.

The undersigned set a Scheduling Order [#29] in this matter that was subsequently amended to account for the appearance of counsel on behalf of Plaintiffs [#54] and to allow for an extension of time for the designation of expert witnesses [#109]. This court also extended the discovery deadline to April 28, 2017. *See* [#56]. The Parties proceeded through discovery, and, on September 16, 2016, Plaintiffs noticed the Rule 30(b)(6) deposition of S&H Sheet Metal, Inc.

("S&H"), scheduled for October 21, 2016. *See* [#122-4; #122-5]. The notice identified thirty-two (32) topics to be explored at the Rule 30(b)(6) deposition, and Mr. Von Honnecke was identified, and later testified, as S&H's Rule 30(b)(6) designee. *See* [#122-5]. The topics included both broad and tailored ones directed at S&H's "legal opinions regarding invalidity, unenforceability, and/or non-infringement of the '029 Patent" and at damages. [#126-2].

Then, on or about August 30, 2017,[1] Plaintiffs disclosed their affirmative experts (a certified public accountant and a professional engineer) and their experts' corresponding reports. *See* [#109; #120 at 3; #122 at 7–8]. On September 29, 2017, Defendants supplemented their Rule 26(a)(2)(C) disclosures "to memorialize the rebuttal opinions of Mr. Von Honnecke, in view of the Plaintiff's [sic] expert witness reports." [#120 at 3–4; #122-2]. Defendants' supplemental disclosures state that Mr. Von Honnecke may offer opinion testimony at trial related to issues of infringement, enforceability, and validity of the '029 Patent, as well as to issues of damages, including loss profits and/or the establishment of a reasonable royalty rate on a claim-by-claim basis. *See* [#122-2 at 1–3]. In response to the supplemental disclosures, Plaintiffs noticed the deposition of Mr. Von Honnecke as an individual, scheduled for October 27, 2017. [#122-6].

Defendants filed the instant Motion on October 25, 2017, seeking a protective order under Rule 26(c), prohibiting the deposition of Mr. Von Honnecke. [#120]. Defendants aver that a protective order is warranted, because Mr. Von Honnecke has already been deposed and Plaintiffs did not seek leave of court to conduct a second deposition, the discovery sought is duplicative and cumulative of discovery already produced, and Plaintiffs had ample opportunities to obtain the information sought by the second deposition. *See* [#120; #126]. Plaintiffs argue

---

[1] The amended deadline to disclose affirmative experts was set for August 29, 2017. *See* [#109].

4

that Defendants fail to demonstrate good cause for a protective order, as Plaintiffs do not seek duplicative and/or cumulative discovery and had no previous opportunities to discovery the information sought because they did not know of Mr. Von Honnecke's rebuttal opinions until after receiving Defendants' supplemental Rule 26(a)(2)(C) disclosures. *See* [#122]. The Motion is now ripe for disposition.

## LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* In considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

This scope for discovery does not include all information "reasonably calculated to lead to admissible evidence." The amendments to Rule 26 effective December 1, 2015, purposefully removed that phrase. *See In re Bard Filters Products Liability Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016). As explained by the *Bard* court, the Advisory Committee on the Federal Rules of Civil Procedure was concerned that the phrase had been used incorrectly by parties and courts to define the scope of discovery, which "might swallow any other limitation on the scope of discovery." *Id.* (citing Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment). The applicable test is whether the evidence sought is relevant to any party's claim or defense, and proportional to the needs of the case. *Id.* Rule 401 of the Federal Rules of Evidence defines

relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008). As part of the exercise of its discretion, the court may also specify the terms for disclosure. Fed. R. Civ. P. 26(C)(1)(B). The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise. *See Rohrbough*, 549 F.3d at 1321.

## ANALYSIS

Defendants first contend that this court should issue a protective order prohibiting the deposition of Mr. Von Honnecke as an individual because Plaintiffs did not seek leave of court before noticing this deposition. *See* [#120 at 4]. Rule 30(a)(2) of the Federal Rules of Civil Procedure requires leave of court to depose an individual if the parties have not stipulated to the deposition and the deponent has already been deposed. Fed. R. Civ. P. 30(a)(2)(A)(ii). This requirement, however, is inapplicable under the circumstances. The first deposition of Mr. Von Honnecke was as S&H's Rule 30(b)(6) designee and, as such, Mr. Von Honnecke's testimony represented the knowledge of S&H, not Mr. Von Honnecke individually. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). Thus, it cannot be said that Plaintiffs now seek a second deposition of Mr. Von Honnecke in violation of Rule

6

30(a)(2)(A)(ii). *See Harris v. Koenig*, 271 F.R.D. 356, 368 (D.D.C. 2010) (holding that nothing renders a deponent "off-limits" for an individual deposition simply because she was designated as an entity's Rule 30(b)(6) designee); *accord State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 232 (E.D. Pa. 2008) (noting that the defendants did not need a court order to depose the plaintiff's Rule 30(b)(6) designee as an individual).

Next, Defendants aver that this individual deposition of Mr. Von Honnecke is unreasonably duplicative and cumulative of information Plaintiffs received during discovery, including the depositions of Messrs. Von and Chase Honnecke, testimony at the *Markman* hearing, and written discovery. *See* [#120 at 5–7; #126 at 2]. Further, Defendants contend that their supplemental Rule 26(a)(2)(C) disclosures encompass Mr. Von Honnecke's rebuttal opinions that were largely covered by Plaintiffs' Rule 30(b)(6) topics [#120 at 5–6], as Mr. Von Honnecke "was permitted to testify[] freely[] and completely[] in relation to his level of skill in the art, and the claims and defenses in the litigation[]" [#126 at 3]. Relatedly, Defendants argue that Plaintiffs had ample opportunities throughout discovery to obtain the bases for Mr. Von Honnecke's opinions and should not be afforded an opportunity to re-open discovery based solely on Defendants' supplement Rule 26(a)(2)(C) disclosures. [#120 at 7–8].

Plaintiffs respond, and this court largely agrees, that a deposition of Mr. Von Honnecke as an individual is not cumulative, because Plaintiffs were unaware of Mr. Von Honnecke's rebuttal opinions until *after* they had disclosed their affirmative experts on August 29, 2017. [#122 at 6]. That is, even though Plaintiffs deposed Mr. Von Honnecke as S&H's Rule 30(b)(6) designee about invalidity, unenforceability, and/or non-infringement of the '029 Patent, as well damages, the prior discovery would not be tailored to the specific opinions Mr. Von Honnecke now seeks to offer in rebuttal at trial. [*Id.*]. Moreover, Plaintiffs aver that Defendants'

7

supplemental Rule 26(a)(2)(C) disclosures offer nothing more than generalized topics of testimony without identifying specific factual bases for those opinions and do not identify which opinions are intended as rebuttals; nor did Defendants follow the procedures for designating rebuttal experts as contemplated by the Scheduling Order, as Mr. Von Honnecke was never previously designated as a non-retained rebuttal expert. *See* [*id.* at 8 & n.2].

To start, this court notes that many of the Rule 30(b)(6) topics may overlap with the opinions Mr. Von Honnecke identifies in Defendants' supplemental Rule 26(a)(2)(C) disclosures, *compare* [#122-4] *with* [#122-2]; however, it does not necessarily follow that Plaintiffs' proposed deposition of Mr. Von Honnecke as an individual is duplicative and cumulative. *Cf. La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (explaining, "courts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents—usually former or current employees of the entity whose Rule 30(b)(6) deposition is sought—have already testified about the topics noticed in the Rule 30(b)(6) deposition notice."). Indeed, without either party submitting a full transcript of Mr. Von Honnecke's Rule 30(b)(6) deposition this court cannot reach a determination as to the extent of any duplicative and/or cumulative discovery Plaintiffs may obtain by deposing Mr. Von Honnecke as an individual, or whether Plaintiffs had an ample opportunity to obtain this information through other discovery vehicles. Further, Plaintiffs identify at least some topics that will not likely overlap with Mr. Von Honnecke's Rule 30(b)(6) deposition, including the specific bases for his rebuttal opinions, the facts upon which he relies in formulating those opinions, his knowledge and understanding of new prior art, and his qualifications for offering his rebuttal opinions. *Cf. United States v. Taylor*, 166 F.R.D. 356, 361

(M.D.N.C. 1996) (stating that a Rule 30(b)(6) designee "does not give his personal opinions" but, rather, "represents the [entity's] 'position' on the topic.").

Plaintiffs' position is also bolstered by a review of Defendants' supplemental Rule 26(a)(2)(C) disclosures that provide broad, generic, and vague categories of potential opinions with little factual support other than the assertion that Mr. Von Honnecke "further bases his opinions upon all communications between the parties, all facts and data revealed in the Pleadings, elicited through the depositions and discovery, and documents and things produced in the litigation." *See Green Earth Wellness Ctr. LLC v. Atain Specialty Ins. Co.*, No. 13-CV-03452-MSK-NYW, 2016 WL 632051, at *3 (D. Colo. Feb. 17, 2016) (holding the plaintiff's supplemental expert disclosures insufficient under Rule 26(a)(2)(C) for failure to identify the facts upon which the non-retained experts were expected to rely, and noting the Rule was not intended to allow witness testimony to include expert testimony "so long as it has been disclosed somewhere in discovery."). Nor can this court conclude, as Defendants urge, that the discovery sought is not proportional to the needs of the case without knowing more about the specifics of Mr. Von Honnecke's Rule 30(b)(6) deposition. This court also disagrees with Defendants's proposition that Plaintiffs waived their right to depose Mr. Von Honnecke as an individual because they did not move to do so prior to the close of discovery. It was only after receiving Plaintiffs' designation of affirmative experts that Defendants moved to "supplement" their Rule 26(a)(2)(C) disclosures "to memorialize the rebuttal opinions of Mr. Von Honnecke, in view of the Plaintiff's [sic] expert witness reports." [#120 at 3–4].

For these reasons, Plaintiffs should be permitted to depose Mr. Von Honnecke, limited, however, to Mr. Von Honnecke's rebuttal opinions, the factual bases he relies on in support thereof, and his qualifications for offering such opinions. *See Machanic v. Provident Life & Acc.*

*Ins. Co.*, No. 08-CV-02742-CMA-MJW, 2009 WL 4730740, at *3 (D. Colo. Dec. 4, 2009) (allowing the deposition of the defendants' non-retained rebuttal expert witnesses). Yet, given the potential for overlap with Mr. Von Honnecke's Rule 30(b)(6) deposition, Plaintiffs' deposition of Mr. Von Honnecke as an individual will be limited to **four (4) hours in a single day prior to February 13, 2018.** Defendants are directed to provide potential deposition dates to Plaintiffs no later than January 26, 2018.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendants' Motion [#120] is **DENIED**;

(2)     Plaintiffs are permitted to conduct the deposition of Mr. Von Honnecke to occur over four (4) hours in a single day, and shall limit the deposition to Mr. Von Honnecke's rebuttal opinions, the factual bases he relies on in support thereof, and his qualifications for offering such opinions no later than **February 13, 2018**; and

(4)     Plaintiffs' request for costs and fees associated with responding to the instant Motion is **DENIED**.

DATED:  January 23, 2017                         BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge