**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

      Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on Defendants['] Objection/Motion to Exclude/Strike Plaintiff's Supplemental Infringement Contentions (the "Motion") (ECF No. 123), seeking to exclude Plaintiffs' additional infringement contentions based on a return air filter box (an additional accused instrumentality) disclosed after preliminary infringement contentions were served.  Defendants assert that Plaintiffs' Supplemental Infringement Contentions (the "Supplement") (ECF No. 134-2) should be stricken because: (1) Plaintiffs failed to seek leave of court, based on good cause, to add the additional accused instrumentality (Aiken Deposition Exhibit 4 (the "Accused Product")) to its infringement contentions; (2) the Supplement concerning the Accused Product is speculative; and (3) Defendants would be unduly prejudiced.

Plaintiffs argue otherwise. Upon consideration of the Motion, Response, Reply, relevant parts of the court record, and the applicable law, and being otherwise fully advised, Defendants' Motion is DENIED.

## I.  BACKGROUND

Briefly, pursuant to the Scheduling Order, as amended, the deadline to serve infringement contentions was July 21, 2016. (ECF No. 29, 56.) Plaintiffs served preliminary infringement contentions but subsequently filed the Supplement on October 20, 2017, about a month after Defendants deposed Michael Aiken, one of Plaintiffs' experts. During Mr. Aiken's September 18, 2017 deposition Defendants disclosed a new return air filter box, the Accused Product.

This District's Local Patent Rules contain no provisions for supplements. They do, however, contain rules for final infringement contentions. Specifically, pursuant to D.C.COLO.LPtR 16(a)(1), final infringement contentions are due "[n]o later than 28 days after the claim construction order is filed." In this case, the claim construction order was filed January 12, 2018. (ECF No. 144.) Thus, final infringement contentions were due no later than February 9, 2018.

## II.  ANALYSIS

As stated, Defendants raise three bases for striking the Supplement. The Court addresses – and rejects – each in turn.

First, Defendants assert Local Rule 16(a)(3) requires leave and good cause for any amendment, which Plaintiffs have allegedly not requested or shown. Local Rule 16(a)(3) covers amendments of *final* infringement contentions, but the Supplement is a supplement or amendment to the *preliminary* infringement contentions. Thus, its application here is

questionable. Nonetheless, the Court need not resolve whether "good cause" is required in this instance as it finds that, assuming it is required, Plaintiff has shown good cause for, and the exercise of diligence in serving, the Supplement.[1] Here, Defendants do not dispute that Plaintiffs were unaware of the Accused Product until Mr. Aiken's deposition or that the Supplement was served about a month thereafter. *See* D.C.COLO.LPtR 16(a)(3) (discovery of previously undiscovered information constitutes good cause); *Health Grades, Inc. v. MDx Medical, Inc.*, No. 11-cv-00520-PAB-BNB, 2011 WL 9149576, at *2 (D. Colo. Dec. 12, 2011) ("If adequately supported, the assertion that the delay was the result of a belated production of evidence by MDx might constitute good cause of the late amendments" to the infringement contentions.) Accordingly, Defendants' first assertion is rejected.

Next, Defendants argue the Supplement is "speculative" and the Accused Product does not infringe. Defendants' initial argument of any speculation is so perfunctory that it merits no consideration. *In re C.W. Min. Co.*, 740 F.3d 548, 564 (10th Cir. 2014) (arguments raised in a perfunctory manner are waived). In Defendants' reply, however, they rely on Mr. Aiken's testimony that, at a given point in time, the products examined did not infringe. This single reference, and without citation to any legal authority, fails to demonstrate the Supplement is speculative and unfounded. Thus, Defendants' argument here is also rejected.

Finally, Defendants assert they will suffer prejudice. But, as Plaintiffs argue, Defendants fail to support such assertion. Instead, Defendants summarily conclude that reopening discovery would be required along with a new round of claim construction. Such conclusory assertions fail to convince the Court that additional discovery or the like will be required, to the prejudice of

---

[1] As for leave to supplement or amend, Local Rule 16(a) does not require leave. Instead, Local Rule 16(a)(4) provides the *accused infringer* may seek to exclude an amendment, while Local Rule 16(a)(5) provides that such motion to exclude shall be filed no later than 14 days after the service of the Final Infringement Contentions.

Defendants.[2]  *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) (it is not the court's responsibility to sift through the record).  As such, Defendants' last argument is also rejected.

## III.    CONCLUSION

As stated, the Court denies Defendants' request to strike or exclude Plaintiffs' Supplement.  This denial raises two issues.  First, whether Defendants should be granted leave to supplement or amend their invalidity contentions to respond to the Supplement, if they have not already done so.  The Court finds they should.[3]  Second, the production of documents. Specifically, in the Order (ECF No. 174) ruling on Plaintiffs' Motion to Compel, the Magistrate Judge noted that should this Court deny the Motion, "any third-generation invoices[4] for the accused product would likewise be relevant and subject to production."  (ECF No. 174, page 7 n.2 & page 11.)  In addition, the Magistrate Judge advised Defendants that they "should be prepared to produce sales records of the third generation of the accused product under S&H's possession, custody, or control, including but not limited to H Manufacturing, within three (3) business days of any order permitting Plaintiffs to proceed with including the third generation of the accused product."  (*Id.* at page 11.)  Accordingly, it is **ORDERED**

(1) That Defendants['] Objection/Motion to Exclude/Strike Plaintiff's Supplemental Infringement Contentions (ECF No. 123) is **DENIED**;

---

[2] In fact, a cursory review of the record shows to the contrary.  For example, Defendants already examined Mr. Aiken regarding the Accused Product, and their motion to exclude the testimony of Plaintiffs' damages expert Mark Pedigo raises an issue regarding the alleged requirement of a "vertical air intake opening in the first side panel." Further, Defendants admit that the Supplement does not alter the existing infringement theories.  (ECF No. 139, p. 3, arguing Plaintiffs attempt to bring in the Accused Product "under its existing theories.")
[3] This is NOT leave to supplement or amend on any other basis.
[4] In other words, the Accused Product.

(2) That, if they have not already done so, within **seven days** of the date of this Order, Defendants may supplement or amend their invalidity contentions to address – and only address – Plaintiffs' Supplementary Contentions; and

(3) That Defendants shall produce sales records of the third generation of the accused product under S&H's possession, custody, or control, including but not limited to H Manufacturing, within **three business days** of the date of this Order.

DATED this 14th day of September, 2018.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge