**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

    Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

    Defendants.

---

## ORDER
---

Plaintiffs accuse Defendants of infringing U.S. Patent No. 8,999,029 (the "'029 Patent"). Defendants assert, among other things, by way of defense and counterclaim that the patent-in-suit is unenforceable because of misuse or inequitable conduct. This matter is before the Court on Plaintiffs' Motion for Summary Judgment (ECF No. 138), arguing that Defendants cannot produce any evidence in support of misuse or inequitable conduct. In Response, Defendants

withdraw, without prejudice, their affirmative defense of misuse (ECF No. 145, page 10),[1] but assert the evidence is sufficient as to inequitable conduct. Plaintiffs' Reply argues otherwise.[2]

I. BACKGROUND

The '029 Patent concerns a furnace filter box, which is made with various panels (two sides, front, back, and bottom) and other pieces. The furnace filter box may be shipped disassembled and its height can be reduced to fit under a furnace. As stated, Plaintiffs' complaint alleges Defendants infringe the '029 Patent. Defendants' affirmative defenses include the following: "(m) the patent in suit has been so misused in violation of the antitrust laws as to render said patents [sic] unenforceable"; and "(o) the claims of the patent are invalid and/or unenforceable due to the patentee's inequitable conduct before the United States Patent and Trademark Office in failing to disclose material information, which was known to the applicants or its, his or their attorneys, at the time the application for patent was filed." (SUMF at ¶¶1-4, (bracketed matter and brackets in original).)[3] In addition, Defendants' counterclaim alleges "[t]he '029 patent is, on information and belief, invalid and unenforceable for one or more of the reasons as alleged in the above specified Affirmative Defenses, all of which are incorporated herein by this reference." (SUMF at ¶¶1-4 (brackets in original).) Thus, Defendants' counterclaim also alleges unenforceability of the '029 Patent based on misuse or inequitable conduct.

---

[1] This is also reflected in the Final Pretrial Order. (ECF No. 155, p. 16, Stipulations.) As used in this Order, except for depositions and transcripts, the page references are to the page numbers assigned to the document by the CM/ECF system.
[2] After the filing of the reply, at the Court's request, Defendants submitted a corrected Exhibit 5 to their Response. (ECF No. 145-6 (containing Pedigo depo.), No. 175 (containing correct Walters depo.).
[3] SUMF refers to the Statement of Undisputed Material Facts, found at ECF No. 151-1.

Plaintiffs' Motion seeks a determination that Defendants cannot prevail on these two affirmative defenses/counterclaims. As Defendants withdraw the affirmative defense of misuse (and, therefore, their counterclaim based on misuse), Plaintiffs' Motion based on misuse is moot. Accordingly, at issue is Plaintiffs' alleged inequitable conduct and the facts and law applicable to this affirmative defense and counterclaim (hereafter, collectively, "defense"). The inequitable conduct defense is based on Plaintiffs' alleged failure to disclose prior art during the prosecution of the '029 Patent.

Exactly which alleged prior art is at issue is unclear. Plaintiffs' Motion refers the Court to the Whitehair Report, issued by Defendants' expert, which references the Smith & Willis and Gustafson boxes and identifies the following alleged prior art: Allen; Schumacher; Goetl; Hong; Wu; Kearsley; and Livingston. (Motion, p. 13, referring the Court to SUMF ¶10 (ECF No. 124-2, pp. 3-4).) Defendants' Response, however, refers to "identical prior art" "including" Smith & Willis, HVAC, and Gustafson,[4] and it appears that those are the boxes on which their expert is relying.[5] (ECF No. 145, pp. 9-10; No. 124-2, *e.g.*, p. 6.) The references (prior art) cited by the examiner at United States Patent and Trademark Office (the "PTO") during the '029 Patent included Wu, Kearsley, Livingston, Delaney, Parker, and Miller. (ECF No. 151-2 to 151-5; No. 154-2 to 154-5.) Smith & Willis, HVAC, Gustafson, and Allen, which are apparently at issue, were not cited.

---

[4] Defendants' Response said "Gustophsen" but the Court assumes they meant "Gustafson" as Defendants' answers to discovery, Defendants' expert's report, and Plaintiffs' Reply refers to the alleged prior art as "Gustafson." (ECF No. 138-3, p. 9; No. 124-2, p. 3; No. 151, p. 3.)
[5] And, perhaps Allen '815 as well. (ECF No. 124-2, pp. 6, 8.)

3

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). The facts, however, must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

## III. ANALYSIS

Inequitable conduct, a judge-made doctrine, "is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). This remedy – rendering the entire patent unenforceable – has been referred to as the "atomic bomb" of patent law. *Id.* at 1288

4

(citing *Aventis Pharma S.A. v. Amphastar Pharm., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008) (Rader, J., dissenting)). Thus, in *Therasense, supra*, the Federal Circuit tightened the standards to trigger the doctrine.

There are two separate requirements for the defense of inequitable conduct: intent and materiality. Absent affirmative egregious conduct, to prevail on the defense, the accused infringer must prove by clear and convincing evidence that: (1) "the patentee acted with the specific intent to deceive the PTO"; and (2) the non-disclosed information was but-for material. *Therasense,* 649 F.3d at 1290-91. *See also, e.g., KFx Med. Corp. v. Arthrex, Inc.*, No. 11cv1698 DMS (BLM), 2012 WL 12847287, at *3 (S.D. Cal. Oct. 15, 2012).

To show the patentee acted with the specific intent to deceive, the accused infringer must prove that the patentee "*knew* of the reference, *knew* that it was material, and made a *deliberate decision* to withhold it." *Therasense,* 649 F.3d at 1290 (emphasis added). Neither gross negligence nor negligence under a "should have known" standard satisfies this intent requirement. *Id.*

Intent may be inferred from indirect and circumstantial evidence. "However, to meet the clear and convincing evidence standard, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quoting *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)). "[T]he evidence must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances." *Id.* (quotation marks and citation omitted) (emphasis in original). "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290-91. Moreover, intent may not be inferred solely from materiality. *Id.* at 1290. "Proving that the

applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Id*.

The patentee need not offer any good faith explanation for withholding material information unless the accused infringer first proves an intent to deceive by clear and convincing evidence. *Id.* at 1291. And, "[t]he absence of a good faith explanation for withholding a material reference does not, by itself, prove intent to deceive." *Id.*

As for materiality, "the materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. The undisclosed prior art "is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* In making this patentability determination, the court applies "the preponderance of the evidence standard and give[s] claims their broadest reasonable construction." *Id.* at 1291-92.

The Court starts with the requirement of intent. In this case, Defendants rely only on indirect and circumstantial evidence to infer intent. Defendants' evidence consists of, first, a synopsis of the '029 Patent prosecution history, including the examiner's consideration of Wu and Kearsley. Next, Plaintiffs' alleged failure to disclose the Smith & Willis box which Plaintiff Brandt allegedly admitted during the *Markman* hearing is the same as that covered by the '029 Patent. Finally, Plaintiffs' nondisclosure to the examiner of several other furnace filter boxes which they looked at, prior to their application for the '029 Patent, to determine patentability. Based on such evidence, Defendants contend that the single most reasonable inference for the nondisclosure of these other boxes (*e.g.*, Smith & Willis) is that Plaintiffs intended to deceive the examiner.

Plaintiffs counter that Defendants cannot supplant intent with arguments of materiality; that no amount of evidence of materiality can overcome a lack of evidence of intent to deceive. Further, Plaintiffs argue that Defendants misstate and omit relevant portions of Mr. Brandt's testimony, and fail to consider other reasonable inferences that may be drawn from the evidence. The Court agrees.

First, Defendants rely on the alleged materiality of the prior art to find intent, but *Therasense* and its progeny preclude such a finding. Next, Defendants provide a synopsis of the interactions between Plaintiffs and the examiner but fail to explain how such interactions show an intent to deceive. Defendants' *argument* that Plaintiffs "knowingly and falsely represented" that their invention was new *is not evidence*. In other words, Defendants fail to bridge the analytical gap between Plaintiffs' arguments and positions[6] before the PTO and a finding of a "specific intent to mislead or deceive the PTO," a demanding requirement.

Next, as for Messrs. Walter's and Brandt's testimony, Mr. Walters did testify that Plaintiffs' invention was new because it could be shipped in a small package but Mr. Brandt described other differences with their box. For example, during the *Markman* hearing, Mr. Brandt testified that the HVAC consisted of one piece which forms the sidewalls and bottom of the box (versus Plaintiffs' box which consists of separate pieces). (ECF No. 151-6, Brandt Trans., p. 72, ll. 5-24.) He also testified that "[i]t's the ability to be able cut it down with ease,

---

[6] Defendants do not show how Plaintiffs' positions before the PTO were misrepresentations. For example, Defendants fail to show the representation that Kearsley "does not disclose an individual furnace filter box for receipt under an air intake" is false. (ECF No. 145, p. 3 (underscore omitted).) The Court notes that "[w]hile the law prohibits genuine misrepresentations of material fact, a prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct." *Rothman v. Target Corp.*, 556 F.3d 1310, 1328–29 (Fed. Cir. 2009). Further, "the Patent Act gives the examiner the discretion to reject or accept an applicant's arguments based on the examiner's own conclusions regarding the prosecution record." *Id.* at 1329.

7

take it apart, reassemble it, modify the box pretty easily, that would be the real difference between the old boxes and the new." (*Id.* at p. 73, ll. 2-7.)

Finally, Defendants argue the "single most reasonable inference" from their evidence is an intent to deceive, but Plaintiffs' arguments and evidence show there are other reasonable inferences which may be drawn. Specifically, the PTO was already in possession of some of the prior art identified by defense expert Whitehead, *i.e.*, Wu, Kearsley, and Livingston, as well as other prior art, *e.g.*, Delaney, Parker, and Miller. Plaintiffs were aware of other furnace filter boxes but disclosed them to their patent attorney. And, there is no evidence the patent attorney did not disclose these other boxes because of an intent to deceive. As such, as Plaintiffs contend, the evidence is insufficient to suggest they believed the other boxes, such as HVAC and Smith & Willis, were non-cumulative of the other prior art cited during (and, therefore, were material to) the prosecution of the '029 Patent.[7] Accordingly, the evidence also allows for a reasonable inference that Plaintiffs believed the nondisclosed alleged prior art was cumulative to the prior art before the PTO. As the "evidence 'must be sufficient to *require* a finding of deceitful intent in the light of all the circumstances,'" *Therasense*, 649 F.3d at 1290 (emphasis in original) (citing *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 873 (Fed. Cir. 1988)), that there is another reasonable inference precludes a finding of intent to deceive. *See KFx Med. Corp.,* 2012 WL 12847287, at *4.

As both intent and materiality must be proved, a failure of proof on either requirement precludes a finding of inequitable conduct. Therefore, Plaintiffs are entitled to summary judgment on Defendants' counterclaim and defense based on inequitable conduct claim.

---

[7] Further, as Plaintiffs argue, Defendants fail to show the Gustafson, Hercules, HVAC, or Smith & Willis boxes had the claimed features of the '029 Patent at the time Plaintiffs became aware of them.

8

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS**

(1) That Defendants' affirmative defense and counterclaim based on any allegations of misuse are hereby DISMISSED WITHOUT PREJUDICE; and

(2) That Plaintiffs' Motion for Summary Judgment (ECF No. 138) is hereby

    i) DENIED AS MOOT based on Plaintiffs' arguments for summary judgment as to Defendants' affirmative defense and counterclaim based on misuse; and

    ii) GRANTED as to Defendants' affirmative defense and counterclaim based on inequitable conduct and such affirmative defense and counterclaim are DISMISSED WITH PREJUDICE.

DATED this 19th day of September, 2018.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge