IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

      Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

      Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiffs' Motion to Exclude Opinion Testimony of Mr. J. Gregory Whitehair (the "Motion") (ECF No. 124), seeking to exclude Mr. Whitehair's report (and associated testimony). Defendants have filed a Response, to which Plaintiffs have filed a Reply. (ECF Nos. 135, 140.) The Motion is ripe for resolution.

## I.    BACKGROUND

Plaintiffs accuse Defendants of infringing U.S. Patent No. 8,999,029 (the "'029 Patent"), raising claims of direct infringement, inducing infringement, and contributory infringement. Defendants raise numerous defenses and counterclaims of non-infringement, invalidity, and unenforceability of the '029 Patent. In support of their claims, Plaintiffs submitted the

affirmative expert report of Michael E. Aiken, P.E. Thereafter, on September 29, 2017, Defendants served the expert report of Mr. Whitehair, as a purported rebuttal to Mr. Aiken's report. Plaintiffs' Motion seeks to exclude Mr. Whitehair's testimony based on the following arguments: (1) Mr. Whitehair's report is not proper rebuttal testimony; (2) Mr. Whitehair is not qualified to offer testimony on patent prosecution or examination practices; and (3) Mr. Whitehair has not applied consistent or reliable methodologies in his opinions. Defendants argue otherwise.

## II. LEGAL STANDARD

### A. Rebuttal and Fed. R. Civ. P. 26

Rebuttal evidence is that "intended solely to *contradict or rebut* evidence on *the same subject matter* identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Thus, rebuttal reports are by nature responsive and necessitate a showing supporting the opposite conclusion of those which the opposing party's expert arrived at in his report. *See 103 Investors I, L.P. v. Square D. Co.,* 372 F.3d 1213, 1217-18 (10th Cir. 2004) (expert report proper rebuttal where "its main thrust was to rebut" opposing expert's assertions). They are not the place for presenting new arguments, *1–800 Contacts, Inc. v. Lens. com, Inc.*, 755 F. Supp. 2d 1151, 1167 (D. Utah 2010), *rev'd in part on other grounds*, 722 F.3d 1229 (10th Cir. 2013), or raising subjects which were not addressed in the expert report purportedly being rebutted, *see Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (2011) (rebuttal expert report must address the same subject matter as the report it contradicts). Accordingly, those parts of an expert's rebuttal report that address subjects that were not addressed in the affirmative expert report purportedly being rebutted should be excluded. *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1065

(C.D. Cal. 2010) (citing *First Years, Inc. v. Munchkin, Inc.*, 575 F. Supp. 2d 1002, 1008 (W.D. Wisc. 2008)); *D'Andrea Bros. LLC v. United States*, No. 08-286C, 2012 WL 644010, at *3 (Fed. Cl. Feb. 10, 2012) (same).

### B. *Daubert* and F.R.E. 702

Rule 702 of the Federal Rules of Evidence ("Rule 702") governs the admission of expert evidence in federal court. Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, the Court performs a two-step analysis. "First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (quoting Fed. R. Evid. 702). Second, the specific proffered opinions must be assessed for reliability. *See id*.

In assessing reliability, the Court's role in considering proposed expert evidence is one of a "gatekeeper" – to ensure the "'evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)); *Kumho Tire*, 526 U.S. at 147. Factors that may be relevant in performing this role include: (1) whether a theory or technique can be or has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3)

3

whether there is a high known or potential rate of error to a technique and whether there are standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within a relevant community. *Id.* at 149-150. These factors, however, may or may not be relevant, "depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* at 150 (quotation omitted).

The proponent of expert evidence bears the burden of establishing its admissibility. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001).

### III. ANALYSIS

#### A. Rebuttal or Affirmative Testimony?

Plaintiffs argue Mr. Aiken's expert report[1] opines on infringement while Mr. Whitehair's report addresses two *other* topics – how patents are made (patent prosecution and examination), and materiality as it applies to Defendants' claim or defense of inequitable conduct. Thus, Plaintiffs conclude, Mr. Whitehead's report should be excluded as it is not rebuttal testimony on the same subject matter but, rather, an untimely affirmative report in disguise. Defendants, on the other hand, assert that Mr. Aiken opines on not only infringement but also validity and enforceability of the '029 Patent – two topics – to which Mr. Whitehair's testimony rebuts. Plaintiffs reply that Mr. Aiken offers no opinions on validity and enforceability.

As stated, to qualify as rebuttal expert testimony, such testimony must (1) contradict or rebut evidence and (2) be on the same subject matter as the testimony being refuted. The Court starts with the issue of subject matter.

---

[1] Plaintiffs have a second expert, Mark Pedigo, on economic damages. There is no contention that Mr. Whitehair's report is in rebuttal to Mr. Pedigo's report. Thus, only Mr. Aiken's expert report is at issue.

4

***Subject matter.*** After comparing the experts' reports,[2] the Court finds Mr. Aiken's report is not as limited as Plaintiffs assert but it is not as broad as Defendants assert.  Mr. Aiken's report begins with a discussion of legal principles, as he understands them to be, which he has relied on in rendering his opinions.  After applying such principles, Mr. Aiken reaches the conclusion of infringement.  Thus, Mr. Aiken's report purports to set forth the legal principles applicable to infringement, and his opinions of infringement.  Mr. Whitehair's report, on the other hand, sets forth principles of patent law, addresses the patent prosecution and examination process, and opines on the unenforceability of '029 Patent based on alleged inequitable conduct.  Thus, there appears to be four subject matters covered in the reports: patent principles; infringement; patent prosecution and examination; and unenforceability and invalidity.

Patent prosecution and examination are not within the scope of the subject matter of Mr. Aiken's report; therefore, it is not proper rebuttal.  As for the unenforceability and invalidity of the '029 Patent, that too is not proper rebuttal.  Mr. Whitehair testified his opinions provide a "link" in the chain of non-infringement, *i.e.*, the failure to disclose material items affects enforceability of a patent and there is no infringement if the patent is unenforceable.  To the extent Defendants contend such testimony ("link") regarding invalidity or unenforceability constitutes rebuttal to Mr. Aiken's opinions on infringement, it is rejected.[3]  To the extent Defendants contend Mr. Whitehair's testimony is rebuttal to Mr. Aiken's alleged opinions on validity, that contention is also rejected.  Mr. Aiken's report does state that the '029 Patent is

---

[2] Curiously, Plaintiffs fail to provide a copy of Mr. Aiken's report and it was unclear to the Court how it was to discern the scope of such report and whether Mr. Whitehair's report was proper or improper rebuttal in its absence. Luckily, Defendants provide excerpts of Mr. Aiken's report for the Court's consideration.  The Court assumes the rest of Mr. Aiken's report is irrelevant to the resolution of the Motion.

[3] To the extent this "link" argument applies to Mr. Whitehair's testimony concerning patent prosecution and examination, it is also rejected.

presumed to be valid and enforceable, but, as Plaintiffs contend, that is nothing more than an acknowledgement of the statutory presumption. *See Invitrogen Corp. v. Biocrest Mfg., L.P.,* 424 F.3d 1374, 1378 (Fed. Cir. 2005) ("A patent is presumed valid."); 35 U.S.C. § 282(a). It does not render such statement to be an opinion as to validity which opens the door to Mr. Whitehair's testimony regarding Defendants' defenses of invalidity, or unenforceability, of the '029 Patent. That leaves the principles of patent law. The parties do not address such principles, other than in discussing other aspects of the report, but they do appear to cover the same subject matter. Which brings the Court to the issue of rebuttal.

***Rebuttal.*** As stated, Mr. Aiken's opinions rely on certain "understandings" he has concerning the principles of patent law.[4] Mr. Whitehair's report also contains principles of law, interspersed with, for example, his understanding of the facts and his opinions concerning materiality and intent. The Motion does not expressly address the principles but the parties apparently view them as part and parcel of the proffered experts' opinions. Thus, the preclusion of sections II (patent application prosecution and examination) and III (prosecution of the '029 Patent) of Mr. Whitehair's opinions would preclude the entire report and his testimony. The Court agrees. Accordingly, the Court need not address the principles of law.

### B. *Daubert* and Rule 702

In light of the Court's determination that Mr. Whitehair's report on the patent prosecution and examination process and on the unenforceability of '029 Patent based on alleged inequitable

---

[4] At this time, it is unknown to the Court whether and how Plaintiffs intend to introduce such understandings at trial. Also, at this time, nothing in this Order should be construed or considered to be any indication as to the admissibility of any testimony, other than as expressly stated herein.

conduct is not proper rebuttal, the Court need not reach the remaining issues concerning Mr. Whitehair's qualifications or methodologies.

## IV. CONCLUSION

Mr. Whitehair's opinion testimony is precluded as it is not proper rebuttal testimony on the same subject matter. There is, however, another basis for precluding Mr. Whitehair's opinion concerning the alleged unenforceability of the '029 Patent based on inequitable conduct. By Order dated September 19, 2018, this Court dismissed Defendants' claim and defense based on inequitable conduct. As such, any proffered testimony on such issue would be irrelevant.

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion to Exclude Opinion Testimony of Mr. J. Gregory Whitehair (ECF No. 124) is GRANTED.

DATED this 25th day of September, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge