**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

      Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiffs' Motion to Exclude Opinions of Messrs. Honnecke and Gardner (the "Motion") (ECF No. 125), seeking to exclude Defendants' two non-retained experts Von Honnecke and Tom Gardner. Defendants have filed a Response, to which Plaintiffs have filed a Reply. (ECF Nos. 136, 141.) The Motion is ripe for resolution.[1]

**I.    BACKGROUND**

Plaintiffs accuse Defendants of infringing U.S. Patent No. 8,999,029 (the "'029 Patent"), raising claims of direct infringement, inducing infringement, and contributory infringement. Defendants raise numerous defenses and counterclaims of noninfringement, invalidity, and unenforceability of the '029 Patent. Plaintiffs served affirmative expert reports from Michael

---

[1] In reaching its determination, the Court has considered all relevant matters, including taking judicial notice of the relevant parts of the record in this case.

Aitkin[2] (infringement) and Mark Pedigo (damages) on or about August 29, 2017, the deadline for affirmative expert disclosures. Thereafter, on September 29, 2017, the rebuttal expert disclosure deadline, Defendants served two Fed. R. Civ. P. 26(a)(2)(C) disclosures (hereafter, "Reports"), one of Mr. Honnecke and one of Mr. Gardner. Messrs. Honnecke and Gardner are offered as rebuttal experts on the issues of infringement, enforceability, and validity. Mr. Honnecke is also offered as a rebuttal expert on the issue of damages. Mr. Gardner is also offered to testify under Fed. R. Evid. 701.

Plaintiffs' Motion seeks to exclude Messrs. Honnecke's and Gardner's testimony based on the following arguments: (1) 10 of the 13 proffered topics allegedly relating to "infringement, validity, and enforceability" are not proper rebuttal but, instead, untimely affirmative testimony; (2) they are not qualified to testify regarding the topics addressed; and (3) their testimony is based on assumptions and speculation, is biased, and is unreliable. Defendants argue otherwise.[3]

## II. LEGAL STANDARD

### A. Rebuttal and Fed. R. Civ. P. 26

Rebuttal evidence is that "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Thus, rebuttal reports are by nature responsive and necessitate a showing supporting the opposite conclusion of those which the opposing party's expert arrived at in his report. *See 103 Investors I, L.P. v. Square D. Co.,* 372 F.3d 1213, 1217-18 (10th Cir. 2004) (expert report proper rebuttal where "its main thrust was to rebut" opposing expert's assertions). They are not the place for presenting

---

[2] The spelling of Mr. Aitkin's name is unclear. There are references to Aiken, Aikin, Aitken, and Aitkin. As the Final Pretrial Order identifies him as Mr. Aitkin, the Court will do so in this Order.

[3] Defendants reference an alleged "secret" Fed. R. Civ. P. 30(b)(6) deposition of Gustafson Heating & Air Conditioning, Inc., which Plaintiffs dispute. Regardless, Defendants fail to provide evidence of such deposition or explain why or how it impacts the resolution of the Motion.

new arguments, *1–800 Contacts, Inc. v. Lens. com, Inc.*, 755 F. Supp. 2d 1151, 1167 (D. Utah 2010), *rev'd in part on other grounds*, 722 F.3d 1229 (10th Cir. 2013), or raising subjects which were not addressed in the expert report purportedly being rebutted, *see Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (Fed. Cir. 2011) (rebuttal expert report must address the same subject matter as the report it contradicts). Accordingly, those parts of an expert's rebuttal report that address subjects that were not addressed in the affirmative expert report purportedly being rebutted should be excluded. *Plumley v. Mockett*, 826 F. Supp. 2d 1053, 1065 (C.D. Cal. 2010) (citing *First Years, Inc. v. Munchkin, Inc.*, 575 F. Supp. 2d 1002, 1008 (W.D. Wisc. 2008)); *D'Andrea Bros. LLC v. United States*, No. 08-286C, 2012 WL 644010, at *3 (Fed. Cl. Feb. 10, 2012) (same).

### B. *Daubert* and Fed. R. Evid. 702

Rule 702 of the Federal Rules of Evidence ("Rule 702") governs the admission of expert evidence in federal court. Fed. R. Evid. 702; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, the Court performs a two-step analysis. First, the Court "must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006) (quoting Rule 702). Second, the specific proffered opinions must be assessed for reliability. *See id*.

In assessing reliability, the Court's role in considering proposed expert evidence is one of a "gatekeeper" – to ensure the "'evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)); *Kumho Tire*, 526 U.S. at 147. Factors that may be relevant in performing this role include: (1) whether a theory or technique can be or has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) whether there is a high known or potential rate of error to a technique and whether there are standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within a relevant community. *Id.* at 149-150. These factors, however, may or may not be relevant, "depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* at 150 (quotation omitted).

The proponent of expert evidence bears the burden of establishing its admissibility. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001).

**C. Fed. R. Evid. 701**

Lay opinion testimony may be admitted if it is helpful to the jury; if it is based on the perception of the witness; and if it is not expert testimony under Fed. R. Evid. 702. *See* Fed. R. Evid. 701. Thus, a lay witness "may 'offer observations that are common enough and require a limited amount of expertise, if any.'" *United States v. Kearn*, 863 F.3d 1299, 1311-12 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2025, 201 L. Ed. 2d 282 (2018) (brackets and ellipses omitted) (quoting *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)). He or she may not, however, express an opinion on "'matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'"

*Kearn*, 863 F.3d at 1311-12 (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)).

### III. ANALYSIS

#### A. The Number of Experts

Plaintiffs contend Defendants exceeded the number of experts allowed under the Scheduling Order as they have three where the maximum number is two. Plaintiffs cite no authority to support exclusion on the facts of this case and provide no evidence of any prejudice by Defendants' proffer. Further, the Court has excluded Mr. Whitehair as an expert. On this record, the Court will not preclude Mr. Honnecke's or Mr. Gardner's testimony on the basis that Defendants have exceeded the number of experts allotted.

#### B. Untimely Rebuttal Testimony

Defendants intend to offer Messrs. Honnecke and Gardner to testify about 13 topics asserted to be relevant to the issues of infringement, enforceability, and invalidity: "(1) publication, use and sale of prior art devices and methods making and using the same, which render the patent claims invalid and/or unenforceable; (2) the level of ordinary skill in the pertinent art at the time of the invention; (3) the scope and content of the prior art; (4) the differences between the prior art and the claimed invention; (5) the motivation to modify the prior art, or combine references, to arrive at the claimed invention; (6) obviousness to persons having ordinary skill in the art in and/or in view of the above; (7) anticipation based upon [] those prior art devices and methods, on a claim-by claim basis; (8) comparison of the elements of the claims, on a claim-by-claim basis, and respective absence of direct infringement; (9) comparison of the prior art and opinion of the scope of equivalency, on a claim-by-claim basis, in view of the prior art devices and methods by a person of ordinary skill in the art[;] (10) []

absence of infringement, on a claim-by-claim basis, under the doctrine of equivalents; (11) absence of infringement of any alleged third party apparatus or method, on a claim-by-claim basis; (12) substantial non infringing uses for any apparatus or components thereof, including staple articles of commerce capable of being a substantial non-infringing use; [and] (13) absence of supplied components which constitute a material part of the alleged invention." (ECF No. 125-2, pp. 1-2; No. 125-3, pp. 1-2.) As stated, to qualify as rebuttal expert testimony, such testimony must solely "contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (1).

Plaintiffs challenge 10 of the 13 topics as being outside the scope of permissible rebuttal: (1), (2), (3), (4), (5), (6), (7), (8), (9), and (13). Plaintiffs argue these topics are all affirmative claims and defenses for which Defendants bear the burden of proof, and they do not rebut or contradict Plaintiffs' infringement or damages expert disclosures. Thus, Plaintiffs assert, Defendants' experts should have been disclosed by August 29, 2017 and are untimely. Defendants, on the other hand, contend Mr. Aitkin opines on not only validity and enforceability but also infringement, while Mr. Pedigo opines on damages. Issues to which Defendants contend their experts rebut in their 13 subject matters listed.

The Court is not persuaded by Defendants' argument. Defendants do nothing more than simply repeat the listing of the 13 topics, and summarily state that such topics "pertain to the issues of infringement, enforceability and validity" and that the "forgoing topics"[4] are admissible in Defendants' case-in-chief and rebuttal. But, there is no analysis or discussion of which topics rebut Mr. Aitkin's opinions or how they do so. Or, which topics serve as testimony for rebuttal *and* their case-in-chief, and how they do so. On the contrary, as Plaintiffs argue, to which the

---

[4] Defendants are referring to all the topics identified by both proffered experts.

Court agrees, the 10 topics Plaintiffs identified are affirmative claims or defenses to which Defendants bear the burden; they are not rebuttals. Finally, as the Court previously found in its order precluding Mr. Whitehair's testimony, Mr. Aitkin does not opine on validity and enforceability. Defendants have not shown otherwise here. Accordingly, the Court finds the 10 topics are not proper rebuttal testimony. Thus, Defendants should have disclosed this opinion testimony by the affirmative disclosure deadline. They did not. Therefore, unless Defendants' failure was substantially justified or is harmless, the testimony will be precluded.

***Prejudice.*** Pursuant to Fed. R. Civ. P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…unless the failure was substantially justified or is harmless." Plaintiffs argue they have been prejudiced and Defendants' failure to timely disclose is unjustified. For example, Plaintiffs contend that if the reports and testimony on the 10 topics are allowed, they will have to retain rebuttal experts and there will be additional discovery. Defendants' Response does not argue otherwise. Instead, Defendants argue that it would be unfair and prejudicial to them if the Court would preclude such testimony. But, that is not the standard. Nonetheless, the Court finds the failure to disclose in this instance was harmless.

Here, Plaintiffs argue they are unclear of the facts or information Messrs. Honnecke and Gardner relied upon to reach their proffered opinions. They assert they have been barred from expert discovery as to Mr. Honnecke. While such assertion may have been true at the time of the filing of the Motion, the court record shows that, after briefing of the Motion was completed, Plaintiffs were granted leave to take the deposition of Mr. Honnecke regarding his opinions. (*See* ECF No. 147.) Thus, additional discovery has already been had on the topics. Further, if Plaintiffs also felt the need to take the deposition of Mr. Gardner as well, or to supplement or

serve rebuttal (or sur-rebuttal) experts, there is no indication that they sought but were unable to do so. In other words, the record shows that the failure to timely disclose was harmless.

### C. *Daubert* and Fed. R. Evid. 702

As an alternate (or additional basis) for exclusion, Plaintiffs argue the Reports and testimony should be precluded as Messrs. Honnecke and Gardner are unqualified and the Reports are unreliable.

#### 1. Qualifications

Plaintiffs raise several arguments regarding the qualifications of Messrs. Honnecke and Gardner. Defendants' response in opposition to all such arguments relies on three grounds: (1) Plaintiffs' alleged failure to specify the opinion challenged or the specific grounds upon which they rely, making a "learned" response difficult to impossible; (2) both witnesses are persons of skill in the relevant art with respect to "technical"[5] matters and financial issues; and (3) neither specialized knowledge nor education is required to offer the opinions at issue. The Court addresses the arguments in turn.

***Opinions on Prior Art.*** Plaintiffs argue neither Mr. Honnecke nor Mr. Gardner have the experience to offer opinions addressed to prior art raised in the following six topics: (1), (3), (4), (5), (6), and (7). Here, Plaintiffs have sufficiently identified the opinions at issue and the basis for their exclusion. Defendants' assertions that the witnesses are qualified or that no expert testimony is required are insufficient to bear their burden of showing the two witnesses are qualified to offer expert opinions on the topics at issue, *e.g.*, comparing differences between the prior art and the claimed invention.[6] Indeed, the Reports are so general that it is unknown which

---

[5] Defendants' term.
[6] Defendants' argument that no specialized knowledge or education is required begs the question at hand – whether their two non-retained experts are qualified to testify as *experts*. The Court addresses the Fed. R. Evid. 701 issue in Section D, *infra*.

8

alleged prior art these two witnesses intend to address and, accordingly, that they have the expertise to do so. As such, Messrs. Honnecke and Gardner are precluded from offering expert opinions on these six topics.

*Mr. Honnecke's qualifications to testify as an expert on infringement, validity, or enforceability.* Plaintiffs apparently contend Mr. Honnecke may not testify as to *any* of the topics as his prior experience in designing and manufacturing furnace filter boxes, including the accused product, "does not qualify him as an expert in infringement, validity or unenforceability." (ECF No. 125, p. 8.) Plaintiffs' one sentence argument, and a citation to a single case, without any analysis as to any of the topics is, in a nutshell, conclusory. *See Roman v. Western Mfg., Inc.*, 691 F.3d 686, 696 (5th Cir. 2012) (inadmissibility argument rejected where movant failed to raise credible challenge to expert); *Rios v. Gipson*, No. 1:12-cv-01334-LJO-SKO (PC), 2018 WL 2155531, at *3 (E.D. Cal. May 10, 2018) (bare assertion of unreliability insufficient to challenge expert's report); *SEC v. MAM Wealth Mgmt., LLC*, No. CV 11-02934 SJO (JCx), 2012 WL 13008348, at *3 (C.D. Cal. Jul. 2, 2012) (unqualified, conclusory statements insufficient to challenge admissibility of expert report). Defendants' response as to the insufficiently of the challenge under the Court's Civil Practice Standards[7] has merit. Further, Defendants contend that Mr. Honnecke is a person skill in the relevant art, which Plaintiffs do not contest,[8] and, at least on this record, appears sufficient to show qualifications on topic (2), "the level of ordinary skill in the pertinent art at the time of the invention." Moreover, *523 IP LLC v. CureMD.com*, 48 F. Supp. 3d 600 (S.D.N.Y. 2014), relied on by Plaintiffs,

---

[7] Under this Court's Civil Practice Standards, "The [Rule 702] motion shall identify with specificity each opinion the moving party seeks to exclude. The motion shall also identify the specific ground(s) on which each opinion is challenged, *e.g.*, relevancy, sufficiency of facts and data, or methodology." Otherwise, the Court would be left with the responsibility of sifting through the various opinions and grounds to determine which ground(s) applied to which opinion(s). A responsibility which belongs to the movant.
[8] ECF No. 141, p. 2, acknowledging that Messrs. Honnecke and Gardner "may be persons of ordinary skill in the art."

supports the proposition that an inventor can, based on his experience, testify as to matters and opinions involving the field of invention. Therefore, the Court finds Plaintiffs' broad argument insufficient to exclude Mr. Honnecke's testimony.

***Lack of factual support.*** Plaintiffs argue Mr. Honnecke testified that he never read the '029 Patent; therefore, he lacks even a fundamental understanding of the '029 Patent. Plaintiffs further argue that neither Mr. Honnecke nor Mr. Gardner have the expertise to read and understand the meaning of an invention, as claimed in a patent; therefore, they lack the basic qualifications to offer the opinions listed in the Reports. Finally, Plaintiffs point to Mr. Gardner's report which states that he "will" be reviewing facts and data.

First, other than a one sentence argument, Plaintiffs fail to articulate why Messrs. Honnecke and Gardner would not understand the patent-in-suit. Both individuals have technical skills in the manufacture and installation of furnace filter boxes.[9] Next, Mr. Honnecke testified as a Rule 30(b)(6) witness in October 2016, his Report was issued in September 2017, and he was subsequently deposed, individually, in early 2018 as to his opinions. Further, while the Court agrees that Plaintiffs' references to the record (as of November 2017) raise questions as to what topics Messrs. Honnecke and Gardner may testify regarding, that record has apparently changed.[10] Moreover, as Defendants argue, to which topics are these alleged shortcomings directed? If Plaintiffs are contending they are directed to all, it is rejected as too conclusory. On this record, Plaintiffs' arguments here are insufficient.

***Economic Damages.*** Defendants also offer Mr. Honnecke to opine on 10 topics[11] in rebuttal to Mr. Pedigo, Plaintiffs' economic damages expert. Plaintiffs contend that Mr.

---

[9] That is not to say, however, that they may offer unfettered expert opinions.
[10] The Court also does not read "will" be reviewing as literally as Plaintiffs apparently do.
[11] Those topics are: "(1) market demand for the alleged patented product, method, or product produced by the method; (2) availability of acceptable, non-infringing substitute products; (3), potential market share(s), respective

Honnecke is unqualified to offer opinion testimony on the following nine topics: (1) "market demand for the alleged patented product"; (2) "availability of acceptable, non-infringing substitute products"; (3) "potential market share(s), respective number of the sales allegedly made by the Defendants"; (4) "Plaintiff's lack in manufacturing and marketing capacity"; (5) "dissimilarity in the origin and features of the alleged infringing device with claimed invention, and respective non-interchangeability of the respective markets"; (7) "dissimilarity of customers"; (8) "calculation of profits"; (9) "measure of incremental value"; and (10) "royalty that would have resulted from a hypothetical license negotiation between the Plaintiffs and the Defendants." Plaintiffs do not challenge topic (6), "dissimilarity of product pricing."

Plaintiffs' challenge here is three-fold. First, that Mr. Honnecke lacks the requisite expertise in these areas as he never worked in finance or accounting, having entrusted his business in the hands of another. Next, that Mr. Honnecke is not familiar with Plaintiffs' manufacturing or marketing capacity. Third, that Mr. Honnecke does not have knowledge about market share or demand for the furnace filter box at issue.

Defendants' argument of insufficiency of identification is rejected as the topics are clearly identified. As to the specific ground(s) on which each opinion is challenged, on this record, the Court agrees with Defendants that it is deficient. Here, three grounds are stated, but Plaintiffs fail to identify which ground applies to which topics and the Court should not be left to speculate. Further, the Court should not have to guess as to why any ground applies to any topic.

---

of the number of the sales allegedly made by the Defendants', that Plaintiff may claim would have been made, and the availability of other acceptable non-infringing substitutes; (4) Plaintiff's lack in manufacturing and marketing capacity to make any sales actually made by Defendants'; (5) dissimilarity in the origin and features of the alleged infringing device with claimed invention, and respective non-interchangeability of the respective markets; (6) dissimilarity of product pricing; (7) dissimilarity of customers; (8) calculation of profits; (9) measure of incremental value, when the alleged infringing products have both patented and unpatented features, added by the patented features; (10) royalty that would have resulted from a hypothetical license negotiation between the Plaintiffs and the Defendant being a reflection of the value attributable to the alleged infringing features of the product, and no more." (ECF No. 125-3, pp. 2-3.)

For example, how does any alleged lack of expertise in finance and accounting preclude the witnesses from opining on the topic of "dissimilarity of customers." Similarly, how does Mr. Honnecke's alleged unfamiliarity with Plaintiffs' manufacturing or marketing preclude him from opining on the same topic? Plaintiffs' argument that Mr. Pedigo opines on "complex issues" such as lost profits under *Panduit*[12] and reasonable royalty under *Georgia-Pacific*[13] does not show to the contrary as it is too conclusory.[14] Further, a copy of Mr. Pedigo's report was not provided to the Court to assess such argument. Accordingly, Plaintiffs' challenges here are also insufficient.

In summary, Plaintiffs' Motion to exclude Messrs. Honnecke's and Gardner's testimony on technical topics (1), (3), (4), (5), (6), and (7) is granted. Their requests to exclude is otherwise denied based on the current record. By this ruling, the Court is NOT finding that Messrs. Honnecke and Gardner are qualified to offer expert opinions on the remaining topics, or that the testimony is otherwise admissible. The Court only finds that Plaintiffs have not sufficiently challenge the proffered testimony to allow a determination to be made.

### 2. Methodologies

Plaintiffs argue the Reports are inadequate as Mr. Honnecke has not reviewed the '029 Patent and Defendants fail to identify the facts which the two witnesses intend to rely on but contain merely broad topics. That such "unclear picture" allegedly opens the door for the witnesses to offer biased testimony. And, further, Plaintiffs assert, Defendants failed to make Mr. Honnecke available for a deposition.

---

[12] *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978).
[13] *Georgia Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).
[14] For example, under *Panduit,* damages for lost profits may be recoverable if the patent owner shows: "(1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made." *Panduit*, 575 F.2d at 1156. Which element is too complex for Mr. Honnecke to provide rebuttal opinions on, and why?

12

Defendants response contends that Plaintiffs fail to identify the specific opinion or the specific grounds for exclusion. Further, Defendants contend, Mr. Honnecke has the requisite education, training, and experience to offer his opinions. Defendants also seem to imply that Mr. Honnecke has analyzed the '029 Patent.

On this record, Plaintiffs' arguments are rejected. As previously stated, Mr. Honnecke was deposed as a Rule 30(b)(6) witness in October 2016. He was subsequently deposed in 2018 regarding his opinions, so Plaintiffs should have the information they seek. The argument of any bias is conclusory. Further, that a witness may allegedly be biased goes to the weight, not admissibility, of the testimony. *DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000). Thus, Plaintiffs' methodology argument fails.

**D. Fed. R. Evid. 701**

In a footnote, Defendants assert that Messrs. Honnecke's and Gardner's testimony "is more likely admissible under Rule 701." (ECF No. 136, p. 2 n.1.)[15] Defendants also assert that a simple invention does not require expert testimony, but do not elaborate further. Plaintiffs argue, among other things, that a simple invention does not relax the standards of admissibility of expert testimony, and Messrs. Honnecke's and Gardner's roles in their respective businesses do not qualify them as experts. Plaintiffs' arguments miss the mark as Defendants are asserting, alternatively, that the witnesses' testimony may also be offered as lay opinions, not that the standards are relaxed.

At issue in the Motion was the admissibility of opinions under Rule 702. At this juncture, it suffices to say that Defendants' cursory argument in their Response regarding Rule

---

[15] The Court notes that Defendants' disclosures raised Fed. R. Evid. 701 only as to Mr. Gardner (ECF No. 125-2, p. 1). Further, Fed. R. Civ. P. 26(a)(2)(C) applies to disclosures of witnesses presenting evidence under Fed. R. Evid. 702, 703, and 705.

701 is insufficient to show that the Reports and any associated testimony may be offered as lay opinions. That is not to say, however, that Messrs. Honnecke and Gardner may not offer lay opinions. What those lay opinions may be, the Court leaves for another day.

## IV. CONCLUSION

The Court recognizes the Reports are in many respects general and broad. But, that is only part of the problem. Plaintiffs' arguments are frequently sweeping and without sufficient analysis, as are Defendants' responses. The lack of Mr. Pedigo's report also hampered the Court's review. Plaintiffs were allowed to take Mr. Honnecke's deposition regarding his opinions, but the briefing was not supplemented. Thus, on the current record, the Court is unable to determine the additional topics which Plaintiffs seek to be precluded should be precluded based on the arguments presented. In other words, their challenges are insufficient at this time. Moreover, after the briefing of the Motion, the Court granted summary judgment on the issue of inequitable conduct and dismissed Defendants' counterclaim and defense based on such alleged conduct. Such dismissal may also impact which topic, if any, may no longer be relevant. But, that too is an issue to be resolved on another day.

Based on the foregoing, the Court **ORDERS** that Plaintiffs' Motion to Exclude Opinions of Messrs. Honnecke and Gardner (ECF No. 125) is GRANTED IN PART and DENIED IN PART as follows:

(A) That the Motion is GRANTED in that Defendants are precluded from offering Mr. Honnecke's and Mr. Gardner's Reports and expert testimony on the following topics: (1) publication, use and sale of prior art devices and methods making and using the same, which render the patent claims invalid and/or unenforceable; (3) the scope and content of the prior art; (4) the differences between the prior art and the claimed

invention; (5) the motivation to modify the prior art, or combine references, to arrive at the claimed invention; (6) obviousness to persons having ordinary skill in the art in and/or in view of the above; and (7) anticipation based upon those prior art devices and methods, on a claim-by claim basis; and

(B) That the Motion is otherwise DENIED without prejudice.

DATED this 28th day of September, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge