# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC., a Colorado corporation,

      Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC., a Colorado corporation,

      Defendants.

---

## ORDER ON
## "DEFENDANTS' RENEWED FED. R. CIV. P. 50 MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE NEW TRIAL"

---

This matter is before the Court on Defendants' Renewed Fed. R. Civ. P. 50 Motion for Judgment as a Matter of Law or in the Alternative New Trial (the "Motion") (ECF No. 264). Plaintiffs filed a response, to which Defendants have filed a reply. With the Court's leave, Plaintiff filed a surreply. Upon consideration of the Motion and associated briefings, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit alleging Defendants infringed U.S. Patent No. 8,999,029 (the "'029 Patent") with their accused products, three "generations" of furnace filter boxes. Defendants countered the '029 Patent – covering a furnace filter box and method of assembly –

is invalid as anticipated and obvious. The case went to trial with Plaintiffs seeking lost profits or, alternatively, reasonable royalties. The jury returned a verdict in favor of Plaintiffs and against Defendants on almost all issues,[1] awarding lost profits in the amount of $475,000.00. Defendants' Motion followed, filed under Fed. R. Civ. P. 50(b) or, alternatively, under Fed. R. Civ. P. 59(a)(1)(A).

## II. LEGAL STANDARD

### A. Judgment as a Matter of Law.

A renewed motion for judgment as a matter of law in patent cases is governed by the law of the applicable circuit "unless the issue pertains to or is unique to patent law." *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1337 (Fed. Cir. 2003) (discussing appeals of judgment following bench trial); *see also Duro-Last, Inc. v. Custom Seal, Inc*., 321 F.3d 1098, 1106 (Fed. Cir. 2003) (For questions relating to Rule 50 motions generally, court applies regional circuit law; for issues that pertain uniquely to patent law, court applies Federal Circuit law.). "Rule 50 of the Federal Rules of Civil Procedure provides the process for challenging the sufficiency of the evidence in a civil jury trial." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1128 (10th Cir. 2019). In the Tenth Circuit, "[j]udgment as a matter of law under Rule 50 'is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position.'" *Id.* at 1129 (quoting *In re: Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017)). "'All reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence.'" *Id.* at 1130 (quoting *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019)).

---

[1] The jury did not find willfulness on the part of Defendants Chase Honnecke or S&H Sheet Metal and the Court determined the issue of obviousness after certain findings were made by the jury.

"'Judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict.'" *Id.* (brackets in original) (quoting *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (per curiam)).

### B.  Motion for New Trial

Where "'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc. v. Kerr-McGee Corp.,* 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)); *see also Hill v. J.B. Hunt Transport, Inc.*, 815 F.3d 651, 668 (10th Cir. 2016) (same).  In its review the Court is mindful that:

> [t]he jury holds the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.

*Hill,* 815 F.3d at 668 (brackets in original) (discussing challenge to award of damages) (quoting *Prager v. Campbell Cty. Memorial Hosp*., 731 F.3d 1046, 1063 (10th Cir. 2013)).  The evidence is viewed "in the light most favorable to the prevailing party."  *Hill,* 815 F.3d at 668 (quotations and citation omitted).

## III.    ANALYSIS

### A.  Judgment as a Matter of Law

Defendants' Motion argues that, as a matter of law, there is no direct infringement, induced infringement, or contributory infringement.  Plaintiffs argue to the contrary, including that Defendants have waived certain arguments and Plaintiffs presented sufficient evidence to support the jury's verdict.  The Court addresses such arguments in turn, in light of the standards

governing the Motion and the principle that infringement may be proven by "direct or circumstantial evidence." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006); *see also Frolow v. Wilson Sporting Goods Co.*, 710 F.3d 1303, 1310 (Fed. Cir. 2013) ("hornbook law").

### *Sufficiency of Evidence of Direct Infringement*

First, Defendants contend there is no evidence of direct infringement because (1) there is no evidence they made, sold, or used the accused products with a hole[2] in any panel much less in "the first side panel" as required in the '029 Patent and (2) the furnace filter rails were adapted for holding the furnace filter away from the enlarged open top rather than "next to an enlarged open top" in the filter box. Plaintiffs counter with several contentions, with which the Court agrees.

The first argument necessarily hinges on whether, to infringe, a hole was required to be cut in "the first side panel" (the panel assembled/installed first) versus "a side panel." The Court agrees with Plaintiffs that this argument has been waived as it was not raised in a Rule 50(a) motion and relies on matters outside the record which were not presented. The Rule 50(a) motion argued over whether there is "a hole in the side wall," not a hole in the *first* side wall (ECF No. 248, p. 513:10-13, 15-17). Thus, this argument is waived. *Advanced Recovery Systems v. American Agencies*, 923 F.3d 819, 825 (10th Cir. 2019) ("If a ground is omitted from a pre-verdict motion…the ground cannot be asserted in a post-verdict motion or in an appeal."). And, consistent with this position, the record shows the evidence presented at trial was focused on a hole in the side wall, and not to any *particular* side wall.[3]

---

[2] An air intake opening.
[3] As between the "first" or "second" panel (side wall).

Next, the Court agrees that Plaintiffs presented sufficient evidence of Defendants Chase

Honnecke and S&H Sheet Metal's "use" of the accused products in direct infringement of the

'029 Patent when they installed the accused products with a hole in the side wall.  The

circumstantial evidence supports – and it was reasonable for the jury to implicitly find – that the

installer would cut a hole in the side wall.  (E.g., ECF No. 250, 201:2-5, 12-15 to 202:4-8, 15-

19.)

Third, the Court finds there was substantial evidence to show these Defendants directly

infringed on the method claims by assembling and installing the accused products with an air

intake opening in the side panel.  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed.

Cir. 2009) ("To infringe a method claim, a person must have practiced all steps of the claimed

method.").  This includes the testimony of Plaintiffs' expert Michael Aitken, who reviewed and

relied on Mr. Honnecke's deposition testimony that Defendants have installed boxes and cut

holes in the side panels in the field during their installation and, further, that they must have a

hole in the boxes for them to be used.

Fourth, the Court concurs that Defendants never raised the argument about the furnace

filter rails in their Rule 50(a) motion and, therefore, it is waived.  *Advanced Recovery Systems*,

923 F.3d at 825.  Therefore, it will not be considered.

In summary, drawing all reasonable inferences in favor of the nonmoving party –

Plaintiffs – the Court finds the evidence is sufficient to support the jury's verdict of direct

infringement.

### *Sufficiency of Evidence of Induced Infringement*

As to the induced infringement claim, Defendants' argument is two-fold (1) there is no

evidence of direct infringement because there is no evidence that anyone cuts a hole in "the first

side panel" and (2) even if there is such evidence, there is no evidence of Defendants' specific intent to cause infringement, i.e. instructing a third party to cut a hole in "the first side panel." Upon review, the Court finds the evidence sufficient to support the jury's verdict.

First, Defendants' argument regarding "the first side panel" is rejected as stated above. Next, Defendants' position of no evidence that "anyone" cuts a hole in a side panel fares no better. The Court finds there was ample evidence presented that third parties, e.g., third party installers, cut an air intake opening in a side panel of the accused products.

Finally, as to Defendants' position regarding specific intent, "[i]nducement can be found where there is evidence of active steps taken to encourage direct infringement, which can in turn be found in advertising an infringing use or instructing how to engage in an infringing use.…But such instructions need to evidence intent to encourage infringement." *Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015) (internal alterations, quotations, and citations omitted). Plaintiffs may prove such intent "through circumstantial evidence, just as with direct infringement." *Lucent Techs., Inc.*, 580 F.3d at 1322 (collecting cases). The Court agrees with Plaintiffs in that the jury had sufficient evidence from which it could find Defendants possessed the requisite intent to induce others to infringe the '029, e.g., by Defendants' response to the Amazon inquiry that "[y]ou can take the bottom out of the furnace and set it on top of the filter box and *cut into the side of the box*." (ECF No. 249, 707:7-708:21 (emphasis added).) Indeed, based on the evidence presented, the jury could have reasonably inferred the accused products are designed in such a way that they necessarily infringed when put to use and Defendants knew of this fact. Accordingly, given the evidence and reasonable inferences to be drawn therefrom, the evidence is sufficient to support the jury's finding that Defendants are liable for induced infringement.

### *Sufficiency of Evidence of Contributory Infringement*

Finally, Defendants argues there is no evidence of contributory infringement because there is no proof of direct infringement and the record is replete with examples of non-infringing use of the accused products. These arguments are rejected as well.

First, the argument of lack of direct infringement is rejected for the reasons stated above, e.g., there is substantial evidence which supports a finding of direct infringement by Defendants and third parties.

Next, as for the non-infringing use, there must be no "substantial" non-infringing use. 35 U.S.C. § 271(c). "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (collecting cases); *see also i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 851 (Fed. Cir. 2020) (same). Such determination is not to be made in a vacuum; instead, a jury may consider the use's frequency and practicality, the inventor's intended purpose, and the intended market. *See i4i Ltd. P'ship*, 598 F.3d at 851 (citing *Vita-Mix Corp.*, 581 F.3d at 1327). Plaintiffs contend the uses Defendants posit were either hypothetical or atypical uses. The Court agrees this contention is supported by the record.

Defendants' argument – and the evidence – consists mainly of what the accused products "could" be used for, such as a booster box or air handler, or where a hole "could" be cut. But "a mere theoretical capability" hardly suffices to fall within the scope of Section 271(c). *See Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 415 (Fed. Cir. 1963) ("Taking the statute [§ 271(c)] on its own terms, it is apparent that a mere theoretical capability would hardly suffice."). And, for example, as Chase Honnecke testified, the use of the accused products as air handlers was "not typical" even if it "[d]efinitely can be done." (ECF No. 248, 501:3-25 to 502:1-2.)

Moreover, the jury heard the evidence and it was within their province to make credibility determinations concerning the witnesses and weigh the evidence. And, to the extent there was conflicting evidence, the jury resolved it in favor of Plaintiffs. Based on the record, there is substantial evidence to support the jury's conclusion that there were not substantial non-infringing uses of the accused products.

### B. Motion for New Trial

In footnote 1 of their Motion, Defendants sought, in the alternative, a new trial. In footnote 2, Defendants argue that judgment as a matter of law on even one of the three types of infringement would require a new trial on any that remain because the jury returned a general verdict on damages. And, further, Defendants assert a new trial on damages is required as, even if there was evidence of induced infringement, the evidence comprised of less than two dozen instances which cannot support the $475,000 award. Plaintiffs respond that Defendants made a procedural error in not requesting a damages verdict that separated damages by independent acts of infringement and, further, provided no evidence at trial to apportion damages. Thus, Plaintiffs claim such objections are untimely, waived, and insufficient to warrant granting a new trial. In their reply brief, again in a footnote, Defendants contend that if the Court adopts Plaintiff's "new" construction of "first side panel," a new trial is warranted. Moreover, Defendants contend their arguments are not based on procedural errors but, rather, on a failure to proof.

Defendants' damages arguments depend on the Court finding that judgment as a matter of law should enter on at least one type of infringement. Because the Court finds Defendants fail to show that judgment as a matter of law may be had on any of the types of infringement, Defendants' request for a new trial on damages necessarily fails. And, as to allegations of Plaintiffs' "new" construction as to "the first side panel," as stated above, the Court finds

Defendants' argument concerning "the first side panel" was not preserved. Moreover, the record shows Plaintiffs' arguments and positions in their response are consistent with their presentation at trial. Accordingly, Defendants also fail to show a new trial is warranted based on this argument.

## IV.     CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Renewed Fed. R. Civ. P. 50 Motion for Judgment as a Matter of Law or in the Alternative New Trial (ECF No. 264) is **DENIED**.

DATED this 18th day of March, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge