IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

    Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

    Defendants.

---

# ORDER ON
# DEFENDANTS' MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P 59

---

This matter is before the Court on Defendants' Motion for New Trial Pursuant to Fed. R. Civ. P. 59 (the "Motion") (ECF No. 265). Plaintiffs have filed a response, to which Defendants have filed a reply. Upon consideration of the Motion and related filings, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit alleging Defendants infringed U.S. Patent No. 8,999,029 (the "'029 Patent") with their accused products, three "generations" of furnace filter boxes. Defendants countered the '029 Patent – covering a furnace filter box and method of assembly –

is invalid as anticipated and obvious. The case went to trial with Plaintiffs seeking lost profits or, alternatively, reasonable royalties. The jury returned a verdict in favor of Plaintiffs and against Defendants on almost all issues,[1] awarding lost profits in the amount of $475,000.00. Several motions followed. The first is Defendants' motion filed under Rule 50(b) or, in the alternative, under Rule 59[2] (the "Rule 50 Motion"), which the Court has denied. The second is Defendants' motion for a new trial at issue here, filed under Fed. R. Civ. P. 59(a).

## II. LEGAL STANDARD

Where "'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'" *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)); *see also Hill v. J.B. Hunt Transport, Inc.*, 815 F.3d 651, 668 (10th Cir. 2016) (same). In its review of the motion the Court is mindful that:

> [t]he jury holds the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.

*Hill*, 815 F.3d at 668 (brackets in original) (discussing challenge to award of damages) (quoting *Prager v. Campbell Cty. Memorial Hosp.*, 731 F.3d 1046, 1063 (10th Cir. 2013)). And, "the amount of damages awarded by a jury can be supported by any competent evidence tending to sustain it." *Prager*, 731 F.3d at 1063 (quotations and citation omitted). The evidence is viewed

---

[1] The jury did not find willfulness on the part of Defendants Chase Honnecke or S&H Sheet Metal and the Court determined the issue of obviousness after certain findings were made by the jury.
[2] As expressly allowed under Fed. R. Civ. P. 50(b).

"in the light most favorable to the prevailing party." *Hill*, 815 F.3d at 668 (quotations and citation omitted).

### III. ANALYSIS

#### A. Waiver

Before addressing the merits of the Motion, the Court first resolves Plaintiffs' challenge to whether Defendants' arguments may be heard. Plaintiffs make two arguments based on waiver. First, Plaintiffs argue Defendants waived any challenge to the special verdict form because they failed to raise it during or immediately after trial, relying on *Advanced Recovery Sys. v. American Agencies*, 923 F.3d 819, 825 (10th Cir. 2019). Next, Plaintiffs argue Defendants waived any right to challenge the sufficiency of the evidence regarding damages, willfulness, anticipation, and obviousness, relying on the Court's Order on Obviousness (ECF No. 257). Defendants counter Plaintiffs focus on Rule 50 issues but at issue is a Rule 59 motion. The parties give the argument short shrift but, after considered analysis, the Court agrees with Defendants.

First, *Advanced Recovery Sys.* addressed the interplay between Rule 50(a) and 50(b); it did not address Rule 59(a).[3] Next, Plaintiffs' reliance on the Court's Order on Obviousness is misplaced as that was based on judgment as a matter of law and the interplay between law under

---

[3] The Court recognizes that a broad reading of *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006) may lead to a different conclusion on the issue of waiver. But *Unitherm* did not deal with the specific issue at hand – the availability of a Rule 59(a) motion based on insufficiency of evidence where no Rule 50(a) motion was made at trial. Moreover, after *Unitherm* was decided, as Defendants' citations show, the Tenth Circuit has implicitly indicated a Rule 59(a) motion may be allowed. *See Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250-51 n.1 (10th Cir. 2013) (considering sufficiency of evidence argument raised in Rule 59(a) motion but not in a Rule 50(a) motion); *M.D. Mark, Inc.*, 565 F.3d at 762 & n.4 (finding only possibility of Rule 59 relief where defendant failed to raised arguments in Rule 50(a) motion).

the Tenth Circuit and Federal Circuit on an issue that was ultimately for the Court to decide. Accordingly, the Court finds no waiver here.

### B. The "General Verdict Rule"

The jury's damages verdict was for a single amount based on its findings on the various infringement theories. Defendants contend that if the Court reverses the jury's verdict on any of the theories as argued by Defendants in their Rule 50 Motion, the general verdict rule requires a new trial. But, the Court has denied the Rule 50 Motion in its entirety; thus, as Defendants concede the "general verdict [is] no problem so long as all three bases for liability remain intact." (ECF No. 265, p. 6.) Accordingly, Defendants fail to show a new trial is warranted based on this argument.

### C. Lost Profits

In order to recover lost profits, a party must prove: "(1) demand for the patented product; (2) absence of acceptable non-infringing alternatives; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made." *Mentor Graphics Corp. v. EVE-USA Inc.*, 851 F.3d 1275, 1285 (10th Cir. 2017) (citing *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978)). While the burden of proving causation is with the plaintiff, "after plaintiff has shown a reasonable probability that the infringer's sales were made at the expense of the patentee…the burden shifts to the defendant to show that the claimed damages are not as great as the plaintiff's initial showing might suggest." *Nycal Offshore Dev. Corp. v. United States*, 743 F.3d 837, 846 (Fed. Cir. 2014).

Defendants contend the Court should strike the damages award or order a new trial on damages because Plaintiffs allegedly failed to prove their entitlement to the damages awarded,

relying on the second factor and causation. Specifically, Defendants argue (1) that extensive non-infringing substitutes exists, such as the cutting of a hole in any side panel other than "the first side panel" and the use of the filter boxes as air handlers and booster boxes; (2) Plaintiffs failed to show they would have captured all the sales made by Defendants, i.e., there were no other alternatives to the parties' products; and (3) as to indirect infringement, Plaintiffs failed to prove a connection between Defendants' sales and direct infringement by third parties. The Court finds otherwise in light of the weight of the evidence.

Plaintiffs counter – and the Court agrees - the evidence shows the non-infringing furnace filter boxes were not *acceptable* substitutes for the patented invention. For example, Plaintiffs presented evidence that the other uses, e.g., as a booster box, were not "typical"[4] and that cutting a hole in a side wall/side panel[5] is what is typically – and almost exclusively – done. Scant evidence, even if credited, was presented that a hole is cut in any other panel, or that it was acceptable to do so, even though it is possible to do so. Thus, it follows the evidence supports there was an absence of acceptable non-infringing alternatives, that Plaintiffs would have captured the sales made by Defendants, and there was a connection between Defendants' sales and direct infringement by third parties, i.e., that the sales would have resulted in a hole cut in a side panel. Accordingly, the standards for granting a new trial on damages have not been shown.[6]

---

[4] ECF No. 248, 501:19-502:2.
[5] In the Order on the Rule 50 Motion, the Court rejected Defendants' argument regarding the cutting of a hole in "the first side panel."
[6] In fact, the evidence shows the jury did consider whether there were non-infringing substitutes and causation because they awarded $475,000 when Plaintiffs asked for $767,313.

**D. Invalidity**

On the issue of invalidity, Defendants reassert their argument concerning obviousness and add the argument that the weight of the evidence does not support the jury's finding that the '029 Patent was not anticipated. The Court starts with obviousness.

Defendants contend "the overwhelming and unrebutted evidence was that Allen, Gustafson, and Smith & Willis were in the prior art" and various combinations, e.g., Allen and Wu, render the '029 Patent invalid as obvious. The Court has previously addressed the issue of obviousness under Rule 50. While the standard under Rule 59 is different, the Court nonetheless reaches the same result. For example, Defendants contend that Gustafson was used and publicly available prior to November 2011 but that contention was challenged and the jury was free to assess the credibility of the witness in light of the fact that no documentation was provided in support of his testimony – even though the box (or versions thereof) had allegedly been made for 20 years. (ECF No. 248, 529:7-25 (versions had been made 20 years); 531:21-25 (box displayed was made within last three years, after patent application was made and after the '029 Patent was issued); 533:3-8 (don't know when it was made); 555:1-4 (no documentation provided); 556:4-10 (no photos). The jury apparently gave no weight to the testimony and the Court cannot say that this disbelief is against the weight of the evidence.

As for anticipation, Defendants contend the Allen Patent and Gustafson Box disclose every limitation in the '029 Patent and, therefore, renders the '029 Patent anticipated. As Plaintiffs argue, the Court already addressed Allen and Gustafson in its Order on Obviousness.

Those findings are equally applicable here,[7] and they fail to show the jury's verdict that the '029 Patent was not anticipated is clearly, decidedly, or overwhelmingly against the weight of the evidence.

### E. Hole in "the first side panel"

Defendants' arguments here simply incorporate the argument made in their Rule 50 Motion. Those arguments have been rejected in the Court's prior Order (ECF No. 295) on the Rule 50 Motion, and they are rejected here for the same reasons.

### F. Alter Ego Theory

Defendants assert Plaintiffs belatedly raised the alter ego theory in this case, which the Court erred in allowing. The challenge here is not to the sufficiency of the evidence but, rather, to the fairness of the trial as Defendants contend they were unfairly prejudiced. Plaintiffs' response, in part, misses the mark. The issue is not whether the jury instructions conformed to the evidence but whether evidence on such theory should have been allowed at all. Defendants contend they were prejudiced because they were allegedly unable to adequately present evidence in defense.

When a party requests a new trial on the basis of surprise "it must be able to show surprise, prejudice, and an attempt to cure the prejudice such as a motion for a continuance."[8] *Hynes v. Energy West, Inc.*, 211 F.3d 1193, 1203 (10th Cir. 2000) (brackets, quotations, and citation omitted) (discussing unfair surprise from testimony admitted during trial). Here,

---

[7] For example, as the Court stated in its prior order (ECF No. 257), what evidence was presented at trial on Allen? Essentially nothing other than the Allen patent itself and that Allen is a dual box arrangement designed to raise the height.

[8] Neither party cites to any legal authority to address the standard by which Defendants' argument is to be reviewed.

Defendants fail to do so. First, Defendants did not ask for a continuance. Next, although Defendants state they were unable to call a key witness or present exhibits, they fail to show why that was so. As Plaintiffs argue the record shows the witness was Defendants' accountant (ECF No. 248, e.g., 588:22-25), and Defendants do not refute that he resides locally. Accordingly, Defendants fail to show a new trial should be granted on this basis.

### G. The Court's "Chastisement" of Defense Counsel

Defendants contend the Court repeatedly chastised defense counsel in front of the jury, prejudicing the jury and influencing the outcome of this case. The Court has reviewed the record on which Defendants focus and finds the remarks were fairly innocuous relating to its trial management responsibilities. Moreover, the Court specifically instructed the jury that nothing it has said or done during the trial should "be taken as an indication that [it has] any opinion about the facts of the case, or what that opinion is," and "[a]ny opinion I might be thought to have is of no importance whatsoever." (ECF No. 238, p. 4.) Accordingly, the Court finds no support for granting a new trial based on this argument – Defendants were not deprived of a fair trial by the Court's alleged comments. *See Hynes*, 211 F.3d at 1202 (error, if any, was harmless were court's comment was fairly innocuous and court instructed jury it could disregard all comments of the judge in making its decision).

### H. Willfulness

Defendants contend the verdict of willfulness as to only Defendant Von Honnecke (and not S&H) is inconsistent because the evidence was "always" that Von Honnecke was acting on behalf of S&H. Plaintiffs' response is partly irrelevant. What is relevant, however, is what Von Honnecke did personally, as opposed to his actions on behalf of S&H, which the Court

considers. And, here, Von Honnecke,[9] *individually*, applied for a patent of a filter box which was allegedly essentially the same as that covered by the '029 Patent. And, when Von Honnecke received the notice from Plaintiffs' counsel of the '029 Patent and the assertion of infringement, he ignored it. In light of this record, the Court finds no inconsistency in a jury verdict that Von Honnecke – individually – acted willfully in his infringement of the '029 Patent. Therefore, no new trial is warranted.

IV.  CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion for New Trial Pursuant to Fed. R. Civ. P. 59 (ECF No. 265) is **DENIED**.

DATED this 18th day of March, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[9] Along with his son Chase Honnecke.