# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC., a Colorado corporation,

    Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC., a Colorado corporation,

    Defendants.

---

# ORDER ON
# DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT
# PURSUANT TO FED. R. CIV. P. 60(b)

---

This matter is before the Court on Defendants' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (the "Motion") (ECF No. 266). Plaintiffs filed a response, to which Defendants have filed a reply. Upon consideration of the Motion and associated briefings, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit alleging Defendants infringed U.S. Patent No. 8,999,029 (the "'029 Patent") with their accused products, three "generations" of furnace filter boxes. Defendants countered the '029 Patent – covering a furnace filter box and method of assembly –

is invalid as anticipated and obvious. The case went to trial with Plaintiffs seeking lost profits or, alternatively, reasonable royalties. The jury returned a verdict in favor of Plaintiffs and against Defendants on almost all issues,[1] awarding lost profits in the amount of $475,000.00. Defendants' post-judgment motions followed, including the instant Motion seeking relief from judgment under Fed. R. Civ. P. 60(b) based on the contention that Plaintiffs' alter ego theory should not have been allowed at trial.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…." "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). A "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). The burden is on the moving party to prove relief is warranted under Rule 60(b). *See id.* (movant required "to plead and *prove* excusable neglect" (emphasis in original)).

## III. ANALYSIS

### A. Surprise

Defendants argue they were unfairly surprised by the allowance of the alter ego theory at trial, i.e., the theory that H Manufacturing is the alter ego of Defendant S&H Sheet Metal.

---

[1] The jury did not find willfulness on the part of Defendants Chase Honnecke or S&H Sheet Metal and the Court determined the issue of obviousness after certain findings were made by the jury. After the Order on Obviousness was issued, final judgment was entered.

"'When a party requests a new trial on the basis of surprise testimony it must be able to show surprise, prejudice, and an attempt to cure the prejudice such as a motion for a continuance.'" *Haynes v. Energy W., Inc.*, 211 F.3d 1193, 1203 (10th Cir. 2000) (brackets omitted) (quoting *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1411 (10th Cir. 1988)); *see also Senters v. Black & Decker (U.S.), Inc.*, 123 F. App'x 354, 359 (10th Cir. 2005) (same). Defendants fail to meet their burden here.

First, the Court finds no surprise as Defendants were on sufficient notice of this theory prior to trial. They were on notice by May 22, 2018, that H Manufacturing's sales and its relationship with S&H Sheet Metal were at issue. (ECF No. 174, Order on Motion to Compel discovery related to H Manufacturing.) This notice continued thereafter. After discovery was had concerning H Manufacturing, by report dated November 1, 2018, Plaintiffs supplemented their expert report to include sales by H Manufacturing based on the theory that it was the alter ego of S&H Sheet Metal. (Trial Exhibit 113, n.1 ("…Plaintiffs allege that H Manufacturing Inc. … is merely the alter ego of S&H and that sales of the Accused Filter Boxes invoiced by H Manufacturing are attributable to the Defendants").) And, on January 4, 2019, Plaintiffs filed their trial exhibit list which included H Manufacturing invoices and the expert report as exhibits. (ECF No. 192.) Finally, on the Friday before trial, February 8, 2019, Plaintiffs filed their trial brief regarding the alter ego theory (ECF No. 223) and the Court held a status conference which included discussing this theory. Although Defendants objected that alter ego was not an issue in the case, the Court did not decide the issue but placed the parties on notice that the issue *may be allowed*. Thus, the record as a whole shows Defendants had notice the alter ego theory may be in play.

Next, the Court finds Defendants fail to show unfair prejudice. By the Friday before trial Defendants were aware the Court was considering whether to admit the alter ego theory. Thus, Defendants could have asked that, if the Court was going to allow this theory, they should be granted a continuance – but they did not. Defendants could have asked they be allowed to add an additional witness (Defendants' accountant) and exhibits (e.g., tax returns) – but they did not. Defendants contend they could not have called the one witness or gathered the documents in time but fails to show why that was so. It is the Court's understanding the accountant was local and there is no indication that he was out of town or otherwise unavailable the week of trial. Further, there is no showing such documents were exclusively within the possession and control of the accountant and otherwise unavailable to Defendants, e.g., that they did not have copies of H Manufacturing's or their own their tax returns. Moreover, the Court's takes judicial notice that certain business records required to be filed with the Colorado Secretary of State are readily available online. Thus, Defendants also fail to meet their burden here.

Finally, Defendants have not shown they attempted to cure the surprise. As stated, Defendants did not request a continuance before or during trial. Moreover, there is an absence of evidence that they attempted to cure, e.g., they contacted the accountant but he was out of town or otherwise unavailable. Accordingly, the Court finds relief may not be had on the basis of the alleged "surprise."

### B. Excusable Neglect

Defendants assert, in the alternative, that any finding they failed to present additional rebuttal evidence constitutes "excusable neglect." The Tenth Circuit has stated that "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."

*Marino*, 893 F.2d at 1146 (citation omitted).  However, it has also stated that "neglect" "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quotation marks and citation omitted).  But, such neglect must still "*excusable*," "taking account of all relevant circumstances surrounding the party's omission." *Jennings*, 394 F.3d at 856 (quotation marks and citations omitted, emphasis added).

To determine whether relief should be afforded based on excusable neglect, relevant factors which courts consider include (1) "the danger of prejudice to the opposing party"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; (4) "whether the movant acted in good faith"; and (5) "whether the moving party's underlying claim is meritorious." *Jennings*, 394 F.3d at 856-7 (brackets, quotation marks, and citation omitted).  Upon consideration of these factors, the Court finds they weigh against granting relief.

First, there is significant danger of prejudice to the opposing party – the case was tried to a jury and will need to be tried again.  Next, the delay and potential impact on judicial proceedings are also significant.  The case was tried to a jury after pending more than three years with numerous filings concerning discovery, experts, and trial preparation matters.  Third, the reason for the delay – while Defendants argue there is a reasonable excuse for their failure, it hinges on the same arguments made in support of surprise which the Court has already rejected.  Fourth, as to good faith, the Court cannot say that Defendants acted in bad faith by their failures addressed in this Order.  Finally, Defendants did not discuss the merits of their claim or show how any evidence which they contend they would have presented would have resulted in a

contrary result. Accordingly, after considering the relevant factors, the Court finds they do not support granting a new trial.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 266) is **DENIED**.

DATED this 18th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge