# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:15-cv-02785-RM-NYW

STEVEN LEE BRANDT, an individual,
JAMES CLAY WALTERS, an individual, and
COLORADO BOX COMPANY, INC.,
a Colorado corporation,

    Plaintiffs,

v.

VON HONNECKE, an individual,
CHASE HONNECKE, an individual, and
S & H SHEET METAL, INC.,
a Colorado corporation,

    Defendants.

---

# ORDER ON
# DEFENDANTS' MOTION TO STRIKE

---

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Post-Judgment Motion for Enhanced Damages Pursuant to 35 U.S.C. § 284 and Motion for Exceptional Case (the "Motion to Strike") (ECF No. 275) arguing that both of Plaintiffs' post-judgment motions (ECF Nos. 267 & 268) are untimely. Plaintiffs have filed a response, to which Defendants have filed a reply. The Motion to Strike is ripe for resolution. Upon consideration of the Motion to Strike, Plaintiffs' Motion for Enhanced Damages (the "Section 284 Motion") (ECF No. 267), Plaintiffs' Motion for Exceptional Case (the "the Section 285 Motion") (ECF No. 268), all applicable parts of the court record, and the applicable rules, statutes, and case law, and being otherwise fully advised, the Court finds and orders as follows.

## I. BACKGROUND

This is a patent infringement action. Plaintiffs alleged Defendants infringed U.S. Patent No. 8,999,029 (the '029 Patent). The case was heard by a jury which found in favor of Plaintiffs[1] on all issues submitted except for the issue of willful infringement. As to that issue, the jury found only Defendant Von Honnecke willfully infringed. After the Court issued its ruling on the issue of obviousness in favor of Plaintiffs, the parties advised final judgment should enter. (ECF Nos. 258, 261.) On June 11, 2019, the Clerk entered Final Judgment in this case. (ECF No. 262.) Thereafter, several post-judgment motions were filed, including Plaintiffs' Section 284 Motion filed July 10, 2019 and Section 285 Motion filed July 11, 2019 (collectively, the "Post-Judgment Motions").

Defendants' Motion to Strike followed, arguing the Post-Judgment Motions are untimely. In addition, Defendants filed responses to the Post-Judgment Motions, arguing they should be denied as untimely. (ECF No. 276, p. 7; No. 277, p. 7.)

## II. ANALYSIS

### A. The Section 284 Motion

Under 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found [by a jury] or assessed [by the court]." Section 284 does not state when the court is to make this determination and Plaintiffs contend there is no deadline to request the court to do so. Defendants argue a request for enhanced damages should have been made before judgment was entered and, failing to do so, Plaintiffs were required to (1) move to alter or amend the judgment under Fed. R. Civ. P. 59(e) within 28 days after judgment was entered or (2) show relief may be had under Fed. R. Civ. P. 60(b). As Plaintiffs' Section 284 Motion was filed July

---

[1] With the parties' consent, the Court submitted the case to the jury as if Colorado Box Company was the only plaintiff as it owns the '029 Patent.

10, 2019, 29 days after judgment was entered, Defendants contend the motion is untimely under Rule 59(e). Further, Defendants assert Plaintiffs fail to show relief may be had under Rule 60(b). The Court agrees.

First, the Court agrees no deadline is set under Section 284, but that does not mean a motion requesting damages thereunder can be made at any time. Instead, the Court must consider other sources to determine the contours of this request for relief. For example, a motion for enhanced damages may be premature, i.e., not ripe, where no damages have been determined at all. Next, the Court agrees that Plaintiffs could[2] have filed their motion after the jury verdict awarding damages as they had the necessary information to do so then but did not. *Cf. Layne Christensen Co. v. Bro-Tech Corp.*, 871 F. Supp. 2d 1104, 1107 (D. Kan. 2012) (deferring entering judgment until ruling on motion for enhancement of damages). They also had sufficient time to do so, as the Court deferred entering judgment until it ruled on the issue of obviousness and determined the parties had nothing further for the Court to decide prior to the entry of judgment. Regardless, judgment has now entered. It is well settled, however, that the entry of judgment does not preclude post-judgment relief. *See* Fed. R. Civ. P. 59, 60, 62.

In order to be afforded post-judgment relief, a request for such relief must necessarily meet the standards for granting such relief. Thus, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment, Fed. R. Civ. P. 59(e), which deadline is mandatory. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules… 59(b), (d), and (e), and 60(b)."). And, based even on the parties' citations, Rule 59(e) has been applied to post-judgment motions for enhancement of damages. *See Armsted Indus. Inc. v. Buckeye Steel Casings Co.*, No. 91 C 1179, 1993 WL 96517, at * 2-3 (N.D. Ill. Mar. 31, 1993),

---

[2] Defendants argue "should" but the Court's review of Section 284 and research of numerous legal authorities fail to find support which requires that a motion for enhanced damages *must* be made before the entry of judgment.

*aff'd in part, rev'd in part, and remanded on other grounds*, 24 F.3d 178, 183-84 (Fed. Cir. 1994) (motion to alter or amend judgment for recovery of enhanced damages)[3]; *Oscar Mayer Foods Corp. v. Conagra, Inc.*, 869 F. Supp. 656, 659, 667 (W.D. Wis. 1994) (post-judgment Rule 59(e) motion to amend judgment to include damages for, among other relief, enhanced damages). And, upon review, the Court is persuaded that Rule 59(e) applies to Plaintiffs' Section 284 Motion. Because this motion was filed more than 28 days after judgment was entered, it is untimely.

The Court is not persuaded by Plaintiffs' argument that Rule 59(e) does not apply based on the proposition it is meant to allow the court to correct its own errors. Specifically, as Plaintiffs argue, under Rule 59(e) relief may be available due to "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). As none of those factors are present here, Plaintiffs therefore posit Rule 59(e) does not apply. Plaintiffs' argument, however, assumes the standard under regional circuit law, rather than Federal Circuit law, applies. Based on the Court's review, it found no authority deciding whether regional circuit law applies or whether only the standards under Section 284 apply. Nonetheless, the cases reviewed show only the standards under Section 284 were applied, even under Plaintiffs' cited cases. *See, e.g., Armsted Indus. Inc.*, 1993 WL 96517, at * 2-3, *rev'd in part on other grounds*, 24 F.3d 178, 183-84 (applying Section 284 standards in district court and on appeal on motion to amend judgment); *WCM Indus., Inc. v. IPS Corp.*, No. 2:13-cv-02019-JPM-tmp, 2016 WL 2771790, at *5-6 (W.D. Tenn. May 12, 2016), *aff'd in part and rev'd in part on other grounds*, 721 F. App'x 959, 971-973 (Fed. Cir. 2018) (applying Section 284

---

[3] Cited by Plaintiffs. (ECF No. 285, p. 3.)

standards on post-judgment motion)[4]; *Oscar Meyer Foods Corp.*, 869 F. Supp. at 667 (apply Section 284 standards are Rule 59(e) motion). But, the Court need not resolve the issue. Regardless of the standard of review under Rule 59(e), the motion must have been filed within 28 days after entry of judgment. It was not. Accordingly, the Motion to Strike is granted as to the Section 284 Motion.[5, 6]

### B. The Section 285 Motion

Pursuant to 35 U.S.C. § 285 the Court has discretion to award reasonable attorney fees to the prevailing party in "exceptional cases." Plaintiffs filed this Section 285 Motion on July 11, 2019, 30 days after Final Judgment was entered. Defendants contend the motion should be denied or stricken as untimely under Fed. R. Civ. P 54(d)(2)(B). The Court agrees.

A motion under 35 U.S.C. § 285 to declare a patent infringement case exceptional and obtain attorney fees must comply with the timing requirements of Rule 54. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005); *see Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009) (recognizing that Rule 54 applies to fees request under Section 285, citing *IPXL Holdings, L.L.C.*). Pursuant to Rule 54(d)(2)(B)(i), "[u]nless a statute or a court order provides otherwise," a motion for fees[7] is required to be filed "no later than 14 days after the entry of judgment." The 14-day filing period may be extended subject to the limits allowed under Rule 6(b). *IPXL Holdings*, 430 F.3d at 1385. And, under Fed. R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a

---

[4] The Court notes that Plaintiffs' counsel was also counsel in *WCM Indus., Inc.* and, there, the motion for enhanced damages was filed *six* days after judgment was entered.
[5] Alternatively, the Court could also deny the motion as untimely.
[6] As stated, Defendants also argue that if Plaintiffs are raising a Rule 60(b) motion, they fail to show relief under such rule. As Plaintiffs fail to respond to this argument and show why relief is appropriate under Rule 60(b), the Court agrees.
[7] "[U]nless the substantive law require[d] those fees to be proved at trial as an element of damages," which is not the case here.

5

specified time, the court may, for good cause, extend the time:…on motion made after the time has expired if the party failed to act because of excusable neglect."

In this case, Plaintiffs' motion is clearly untimely. Moreover, even after Plaintiffs were put on notice of the timeliness issue, they did not move for an extension of time under Rule 6.[8]

Plaintiffs' arguments to the contrary as to the application of Rule 54 are unavailing. First, the proposition that *IPXL Holdings, L.L.C.* also contained an argument under Rule 11 does not diminish the Federal Circuit's holding as to the application of Rule 54. Next, Plaintiffs' reliance on *WCM Indus. v. IPS Corp.*, 721 F. App'x 959, 973 (Fed. Cir. 2018) and *Bovino v. Levenger Co.*, No. 14-cv-00122-RM-KLM, 2016 WL 1597501, at *8-9 (D. Colo. April 21, 2016) is unavailing. The motion for fees was timely filed in *Bovino*.[9] Plaintiffs do not argue or show timeliness was raised in *WCM Indus.*,[10] and such issue may be waived. *See Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3rd Cir. 1996) ("the time constraint provision in Rule 54(d)(2)(B) is not jurisdictional, as the district court can extend the time for motions under that rule"); *Srivastava v. Trustees of Indiana Univ.*, No. 99-3272, 2002 WL 975172, at *3 (7th Cir. 2000) (failure to file within time prescribed under Rule 54(d)(2) is not jurisdictional). Finally, Plaintiffs advocate that a bifurcated/two-step approach allowed under Rule 54(d)(2)(C) should be applied here – allowing the court the discretion to determine liability for fees first (exceptionality) and the value of services (amount of fees) thereafter. But, even if this approach is permissible for recovery sought under Section 285, Plaintiffs' Section 285 Motion would have

---

[8] That is not to say, however, the Court would have granted any such belated motion.
[9] See No. 14-cv-00122-RM-KLM at ECF No. 69 (granting defendant leave to file motion for fees upon final resolution of matter); No. 78 (order of final resolution entered July 16, 2015); No. 79 (motion for fees filed July 30, 2015, 14 days later).
[10] This is also an unpublished decision which, even if it stood for the proposition Plaintiffs claim, does not dissuade the Court that it should not followed the published decision of the Federal Circuit.

needed to be timely filed in the first instance.[11] But, it was not. Accordingly, Defendants' Motion to Strike is granted as to the Section 285 Motion.[12]

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

(1) That Defendants' Motion to Strike Plaintiffs' Post-Judgment Motion for Enhanced Damages Pursuant to 35 U.S.C. § 284 and Motion for Exceptional Case (ECF No. 275) is GRANTED;

(2) That Plaintiffs' Motion for Enhanced Damages (ECF No. 267) is STRICKEN; and

(3) That Plaintiffs' Motion for Exceptional Case (ECF No. 268) is STRICKEN.

DATED this 18th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[11] And, further, on this record, the Court declines to allow such an approach because it finds Plaintiffs' argument insufficient, i.e., the cursory argument that the alleged length and complexity of this case warrants a two-step approach.

[12] Again, alternatively, the Court could also deny the motion as untimely.